THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
WILLIAM DOYLE, Appellant.

*Assault upon a police officer — discretion as to allowing a plea to be withdrawn for the purposes of a motion — a police officer may arrest, without a warrant, a person intoxicated in a public place.*

It is discretionary with the court whether it will allow a defendant to withdraw his plea of not guilty, in order that he may make a motion to set aside an indictment upon the ground that there were more persons acting upon the grand jury than were by law entitled to act thereon.

Although an indictment for assault in the second degree upon a police officer does not state facts showing that the officer assaulted was engaged in the lawful discharge of his duties, the court will not reverse a conviction where it appears that the prisoner was convicted only of an assault in the third degree.

A person who is intoxicated in a public place may, under section 35 of chapter 401 of the Laws of 1892, and sections 154 and 177 of the Code of Criminal Procedure, be arrested by a police officer without a warrant.

APPEAL by the defendant, William Doyle, from a judgment of the Court of Sessions of Albany county, rendered on the 2d day of May, 1894, convicting him of the crime of assault in the third degree.

The indictment was for assault in the second degree. It charged that the defendant and one Hughes made an assault upon one Ford, a policeman and peace officer of the city of Albany, and beat and bruised him while he was then and there lawfully engaged in the discharge of his duties as such policeman, and did unlawfully and willfully resist him in the discharge of his duties as such policeman with the intent on the part of the said Doyle and Hughes then and there to prevent and resist the lawful apprehension, arrest and detention of said Doyle and Hughes.

*H. A. Peckham*, for the appellant.

*Eugene Burlingame, District Attorney*, and *John T. Cook, Assistant District Attorney*, for the respondent.

MERWIN, J.:

The defendant claims that the court erred in refusing to allow the defendant to withdraw his plea of not guilty in order that he might

make a motion to set aside the indictment on the ground that there were more persons acting on the grand jury than were entitled to act.

The question whether the defendant should have the leave asked for was in the discretion of the court. No reason for granting it is disclosed by the record. It is suggested that the defendant at his arraignment did not have counsel, but that does not appear. We cannot say that the court erred or improperly exercised its discretion.

Error is claimed in the refusal of the court to rule that, under the indictment, the defendant could only be placed on trial for an assault in the third degree. The argument is that the indictment does not state facts showing that the officer was in the lawful discharge of his duties. It is not clear that the indictment is defective. (*People* v. *Barber*, 74 Hun, 368.) As, however, the conviction was only for assault in the third degree, it is not apparent that the defendant was harmed by the ruling, if erroneous.

Error is claimed in that the court in its charge stated that, if the arrest of Hughes was illegal, no person had a right to resist the officer except the party who is illegally arrested, and, upon request, refused to charge that if Police Officer Ford had no right to arrest Hughes, then it was no crime to resist the policeman, and also refused to charge that, if the policeman was using more force on Hughes than was necessary to make the arrest, Doyle was justified in stopping him from using that greater force.

On the part of the People it was shown that Hughes was intoxicated in a public place. This was an offense which permitted his arrest without warrant (Chap. 401, Laws of 1892, § 35) and was a crime as held in *People ex rel. Kopp* v. *French* (102 N. Y. 583). The fact that Hughes was intoxicated was not denied by the defendant when on the stand as a witness. On the contrary, his evidence tends to corroborate the evidence of the People on that subject. Assuming, as I think we should, that Hughes was intoxicated, then Ford had the right to arrest him. (Code Crim. Proc. §§ 154, 177.) If so, then the remarks complained of in the charge of the court and the refusal of the request first stated, become unimportant and do not affect the merits of the case, although the court may not have been strictly accurate in the law laid down.

The other request complained of assumes that Doyle was in

PEOPLE ex rel. SCHWARZSCHILD CO. *v.* ROBERTS. 449

App. Div.]    THIRD DEPARTMENT, DECEMBER TERM, 1896.

the act of stopping Ford from using greater force than was necessary to arrest Hughes. On the contrary, upon the undisputed evidence it is quite apparent that the interference of Doyle was not for the purpose of preventing the use on Hughes of unnecessary force, but to prevent his arrest at all. If so, the defendant was not entitled to the request asked, even though in a proper case it was a correct legal proposition.

In a case like this we are are required to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (Code Crim. Proc. § 542.) Having this in view, the judgment should be affirmed.

All concurred.

Judgment of conviction affirmed.