(119 App. Div. 841)

### PEOPLE v. MARKOWITZ.

(Supreme Court, Appellate Division, First Department.    June 7, 1907.)

1. DISORDERLY CONDUCT—EVIDENCE—SUFFICIENCY.

In a prosecution for disorderly conduct, evidence *held* sufficient to connect defendant with the offense.

2. CRIMINAL LAW—WARRANT OF ARREST—NECESSITY.

Where a person is arrested for disorderly conduct and immediately taken before the court, there is no necessity for a warrant, since he is already before the court and that is all that is necessary to give it jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 435–438.]

3. SAME—CONDUCT OF TRIAL.

In a criminal prosecution for disorderly conduct, though it does not specifically appear that defendant was informed of his right to counsel, but it does appear that he had counsel, who made a motion at the close of the people's case that he be acquitted, and his rights were fully protected, the case will not be reversed.

Peter Markowitz was convicted of disorderly conduct, and appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Max Schleimer, for appellant.
E. Crosby Kindleberger, for the People.

McLAUGHLIN, J.    The defendant, a lad under 16 years of age, was convicted of disorderly conduct under section 675 of the Penal Code, for which a fine of $2 was imposed, and, in default of payment, imprisonment not exceeding two days.    At the time of his arrest, the defendant, in company with 40 or 50 other boys of similar ages, undertook to board a train in the subway at Bleecker street, without buying a ticket and depositing the same in the box, by rushing by the guard.    Five or six of them, including the defendant, were arrested and immediately taken before the Court of Special Sessions (Children's Part), and a trial had, which resulted in the conviction of the defendant.

The act of the defendant constituted disorderly conduct under the section of the Code referred to, and the evidence is sufficient to sustain the conviction.    The appellant contends that the evidence is not sufficient to connect him with the other boys; but the testimony of the people's witness Lenhoff, when read in connection with defendant's own testimony, is amply sufficient.    Lenhoff testified that at the time in question he saw the defendant "pushing by the box," and when he got by he "grabbed him."    Defendant himself testified that the person who arrested him was Lenhoff.

Appellant also contends that the court did not acquire jurisdiction because a warrant was not issued. A warrant is for the purpose of apprehending and bringing before the court the person charged with the commission of a crime, and when such person is seized by an officer while in the act of committing the crime, and immediately taken before the court, there is no necessity for a warrant. The person is before the court, and that is all that is necessary to give it jurisdiction.

It is also claimed that the judgment is erroneous because the court did not inform the defendant of his right to counsel. It is true this does not specifically appear; but it does appear that the defendant had counsel, who made a motion at the close of the people's case that he be acquitted. His rights were fully protected, and there are no errors which call for a reversal of the judgment.

It follows that the judgment should be affirmed. All concur.