THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN P. DOLAC, Appellant.

Fourth Department, March 25, 1957.

352

*John P. Dolac,* appellant in person.

*John F. Dwyer, District Attorney,* (*Robert A. Burrell* of counsel), for respondent.

McCURN, P. J. This is an appeal from an order denying defendant's application for a writ of error *coram nobis* after a hearing.

The facts as developed on the hearing are as follows: In January, 1954, the Grand Jury in Erie County indicted the defendant for violation of subdivision 5-a of section 1897 of the Penal Law charging that on December 7, 1953 in the town of Hamburg, the defendant feloniously possessed and carried a loaded revolver. On January 18, 1954, he was brought into County Court in Erie County for arraignment. The following incidents at the time of arraignment on that day took place in the following sequence: defendant stood before the Bench and the indictment was read to him; the court then asked the defendant if he had counsel and the defendant answered, "No"; the court asked the defendant if he had funds with which to employ counsel and defendant replied that he had not; the court then asked him if he desired that the court appoint counsel and he replied, "Yes", whereupon the court stated he would appoint counsel; the court then asked him how he pled and he replied "Not guilty". The court thereafter and

on the same day assigned Attorney George Trimper as counsel. On January 25, 1954 Mr. Trimper was released from the assignment and Attorney Paul Adema was assigned in his place. Mr. Adema thereafter conferred with defendant at the jail. On March 9, 1954 the indictment was transferred to Supreme Court, and on that same day the defendant accompanied by his assigned counsel appeared in Supreme Court, withdrew his former plea of not guilty and pleaded guilty. He was sentenced in Supreme Court on March 12, his assigned counsel appearing with him.

The defendant contends upon this appeal that because of his having been called upon to plead to the indictment on January 18, 1954 prior to the assignment of counsel and therefore without opportunity to consult with counsel prior to pleading not guilty, that he was thereupon deprived of substantial rights sufficient to void the judgment of conviction.

The defendant in answer to the indictment may either move to set the same aside or he may demur or plead thereto (Code Crim. Pro., § 312). The motion to set aside the indictment upon grounds set forth in section 313 of the Code of Criminal Procedure must be heard at the time of the arraignment unless for good cause the court postpones the hearing to another time. If such a motion be made and denied, the defendant must immediately answer the indictment either by demurring or pleading thereto (Code Crim. Pro., § 316). The demurrer must be put in either at the time of the arraignment or at such other time as may be allowed for that purpose (Code Crim. Pro., § 322).

When the defendant here, after requesting that counsel be assigned, was called upon to plead to the indictment prior to the assignment of counsel and without opportunity to advise with his assigned counsel, it cannot be said that he was accorded his right to counsel at every stage of the proceedings. He was for the time being at least, even though he pleaded not guilty, deprived of the opportunity to advise with counsel as to whether he should move against the indictment or demur thereto before pleading. However, when after conferring with his assigned counsel he appeared in court with such counsel on March 9 he could have moved to withdraw his plea of not guilty in order that he might move against the indictment or demur thereto. The court possessed the discretionary power to permit him to do so (*People* v. *Doyle*, 11 App. Div. 447; *People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541, affd. 206 N. Y. 46). There would seem to be little doubt that such an application would have been granted. However, neither defendant nor his counsel asked

354

for any such relief but on the contrary moved to be allowed to withdraw his plea of not guilty and to enter a plea of guilty thereby conceding the validity of the indictment. Even now on this appeal no question is raised as to the validity of the indictment.

While the procedure followed in this case resulted in depriving the defendant of his right to confer with assigned counsel before making answer to the indictment, we think the error was cured when later, after conferring with such assigned counsel, defendant appeared with his counsel in court, withdrew his plea of not guilty, took no steps to move against the indictment or demur thereto, but pleaded guilty. In any event his acts from the time he first advised with assigned counsel to and including the proceedings upon the day of sentence are in our view sufficient to support an inference that he understandingly and competently waived his right to advise with assigned counsel prior to his original plea of not guilty. In the circumstances here present the conclusion is inescapable that counsel was assigned in ample time to permit the defendant to take advantage of every opportunity and defense which was originally available to him (see *Canizio* v. *New York,* 327 U. S. 82; *People* v. *Markowitz,* 119 App. Div. 841, affd. 189 N. Y. 562).

The recent case of *People* v. *Marincic* (2 N Y 2d 181) does not, as we read it, indicate a contrary result. In that case two 16-year old girls were arrested and arraigned upon a charge of petit larceny. The court advised them of their right to counsel and followed such advice immediately with the question, " How do you plead? ", whereupon the defendants, unlike the defendant in this case, pleaded guilty. An ill-advised guilty plea even if withdrawn might rise to plague them upon a trial (see *People* v. *Steinmetz,* 240 N. Y. 411). Unlike the present case no counsel was ever assigned to the *Marincic* case and the young defendants in that case never had the advice of counsel at any stage of the proceedings.

We conclude that the order appealed from should be affirmed.

KIMBALL, J. (dissenting). Upon this appeal, we are not confronted with any questioned facts. On January 18, 1954, the appellant was before the Erie County Court for arraignment. The indictment was read. In answer to the court's question, he stated that he had no counsel and no funds with which to employ counsel. The court then asked him if he desired the court to appoint counsel and he replied in the affirmative. Then the court informed him that he would appoint counsel. Without doing so, however, the court then inquired of appellant how he pleaded and the appellant replied " Not guilty ". There-

after one Trimper was assigned but did not act and on January 25, 1954, the court released him from the assignment and appointed one Adema who conferred with appellant in the jail. On March 9, 1954, the indictment having been transferred to Supreme Court, the appellant and his counsel appeared therein. The former plea of not guilty was then withdrawn and appellant pleaded guilty. Thereafter and on March 12, 1954, the appellant was sentenced, his assigned counsel being present.

The question presented is sharply outlined. Without benefit of counsel at his arraignment, he was required to plead to the indictment. Does the fact that, at a later date, he had assigned counsel when he changed his plea to guilty and when he was sentenced, constitute a waiver of his rights under section 308 of the Code of Criminal Procedure and indeed his constitutional rights? We are unable to agree with the majority that " he understandingly and competently waived his right to advise with assigned counsel prior to his original plea of not guilty ". He asked for counsel upon his arraignment but he had none before being required to plead. He had no benefit of advice of counsel prior to the completion of the arraignment. An arraignment consists " in stating the charge in the indictment to the defendant, and in asking him whether he pleads guilty or not guilty thereto ". (Code Crim. Pro., § 309.) It is upon " arraignment " that a defendant must be assigned counsel if he so desires. He may waive his right to counsel at that time by an unequivocal and understanding rejection of counsel. Here there was no rejection but a positive request for counsel at the arraignment. There was plainly no waiver of the right to counsel on January 18, 1954 when he was required to plead. If, therefore, there was no waiver at that time by word or action, how can it be said that a subsequent appearance with counsel and a change of plea constitutes a waiver of his rights on arraignment and so cures the deprivation of such rights? It is sufficient to point out that on the arraignment he was not advised of his right to an adjournment. (Code Crim. Pro., § 311.) He was not advised of his rights to move to set the indictment aside or to demur thereto. (Code Crim. Pro., § 312.) He was not advised of the pleas he might make. (Code Crim. Pro., § 332.) A motion to set aside an indictment must be heard at the time of arraignment unless postponed by the court. (Code Crim. Pro., § 315.) A demurrer must be put in at the time of arraignment unless the court allows some other time. (Code Crim. Pro., § 322.) A demurrer may not be put in while a plea of guilty stands. (*People* v. *Kahn,* 155 App. Div. 821.) The right is lost unless the court, as a matter of discretion, subsequently

allows the plea to be withdrawn. In such case, a defendant's right has been changed from an absolute one to one within the court's discretion. We are of the opinion that a denial of the right to counsel upon arraignment and before plea is not waived by subsequent proceedings and is not cured by failure of a defendant to appeal to the discretion of the court to withdraw a not guilty plea so as to restore to him the rights which he had before any plea was entered. It is no answer that the defendant-appellant was not prejudiced. '' The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.'' (*Glasser* v. *United States,* 315 U. S. 60, 76.) Referring to section 308, the court in *People* v. *Koch* (299 N. Y. 378) said: '' There is no longer any doubt as to the scope and meaning of the provision. Failure to comply with it constitutes denial of a fundamental right and a conviction so had will be set aside (*People* v. *McLaughlin,* [291 N. Y. 480] *supra; Matter of Bojinoff* v. *People,* 299 N. Y. 145; *Johnson* v. *Zerbst,* 304 U. S. 458).'' In the instant case, he had no counsel upon his arraignment. He was required to plead. He did not waive his right.

Had the appellant's plea on his arraignment been one of guilty, there could be no question of the illegality of the conviction. (*People* v. *Marincic,* 2 N Y 2d 181.) In that case, Judge DESMOND commented upon sections 699 and 308 of the Code of Criminal Procedure. He found little difference in the meanings of the sections in respect to the right to aid of counsel on arraignment. In ascertaining whether there has been compliance, it seems immaterial whether the plea is one of guilty or not guilty. In the *Marincic* case (*supra,* p. 185) Judge DESMOND wrote: '' The substance of that Law Revision Commission Report, on which the Legislature acted, is that at every arraignment, whether on indictment or information, the defendant must be told of his right to counsel and of his right to an adjournment for the purpose of getting counsel and must be given a reasonable opportunity to ask for counsel and ask for such adjournment, all this before being forced to plead.''

The order should be reversed and petition granted.

All concur, except KIMBALL and BASTOW, JJ., who dissent and vote for reversal and for granting the motion, in a separate opinion by KIMBALL, J., in which BASTOW, J., concurs.

Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Order affirmed.