■  The People of the State of New York, Respondent, v. Robert R. Hyde, Appellant.— In a coram nobis proceeding, defendant appeals from an

order of the County Court, Kings County, dated October 13, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered June 25, 1956, after a jury trial, convicting him of attempted robbery in the first degree, while armed, and assault in the first degree, and imposing sentence. Said judgment of conviction was affirmed by this court (3 A D 2d 854); leave to appeal to the Court of Appeals was denied June 7, 1957; and a petition for certiorari was denied (355 U. S. 916). Order affirmed. Although defendant's previously retained attorney was not present at the arraignment when a plea of not guilty to the indictment was entered in defendant's behalf, the vacatur of the conviction is not warranted; there is no showing that defendant was in any way prejudiced by the absence of counsel (cf. *People* v. *Spinney,* 16 A D 2d 669; *People* v. *Dolac,* 3 A D 2d 351, affd. 3 N Y 2d 945; *Canizio* v. *New York,* 327 U. S. 82). The case (*Hamilton* v. *Alabama,* 368 U. S. 52) on which defendant relies is not applicable. It does not overrule or impair the rule enunciated in *Spinney, Dolac* and *Canizio* in view of the marked difference between the laws of Alabama and New York; in view of the Supreme Court's specific allusion (in *Hamilton*) to those differences when it referred to the *Canizio* case; and in view of the fact that this is a non-capital case. Nor, under the rule of *Mapp* v. *Ohio* (367 U. S. 643), does *coram nobis* lie to vacate a conviction obtained by proof which, at the time of the trial, was deemed to be constitutional evidence (*People* v. *Muller,* 11 N Y 2d 154; *People* v. *Figueroa,* 220 N. Y. S. 2d 131; *People* v. *Angelet,* 221 N. Y. S. 2d 834; *People* v. *Oree,* 220 N. Y. S. 2d 121). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.