THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS A. KAMISAROFF, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Orange County, dated August 8, 1961, which denied, without a hearing, his application to vacate a judgment of said court rendered July 24, 1941 after a jury trial, convicting him of grand larceny in the first degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LUPO, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Queens County, dated February 9, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered May 7, 1956 upon his plea of guilty, convicting him of attempted grand larceny in the second degree, suspending sentence and placing him on probation. Order affirmed. Defendant's application is based on the fact that his retained counsel was absent when he was arraigned for plea and pleaded not guilty. Thereafter, in his counsel's presence, he withdrew his not guilty plea in order to plead guilty to the afore-stated crime; and his counsel was also present when the suspended sentence was imposed subsequently. At no time did he or his counsel move to withdraw his original not guilty plea in order to move against or demur to the indictment. Under such circumstances, he was not denied representation by counsel, and *coram nobis* does not lie (*People* v. *Spinney,* 16 A D 2d 669; *People* v. *Dolac,* 3 A D 2d 351, affd. 3 N Y 2d 945; *Canizio* v. *New York,* 327 U. S. 82). In our opinion, the rule enunciated in *Spinney, Dolac* and *Canizio* has not been overruled or impaired by the holding in *Hamilton* v. *Alabama* (368 U. S. 52), in view of the marked differences between the laws of Alabama and New York; in view of the Supreme Court's specific allusion (in *Hamilton*) to those differences when it referred to the *Canizio* case; and in view of the fact that this is a noncapital case. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.