Hyman Barshay, J.
The defendant was indicted for murder in the first degree. At his arraignment on September 6, 1935 he was without counsel. At the direction of the court a plea of “ not guilty” was entered. Subsequent thereto counsel was assigned. He made no motions with respect to the indictment. After trial he was convicted as charged and on May 11, 1936 he was sentenced to be executed. The judgment of conviction was affirmed (272 N. Y. 602). Governor Lehman commuted the sentence of execution to life imprisonment.
Independent of this petition the court has ascertained that on March 11, 1958 his application for a writ of error coram nobis on grounds other than set forth in the instant petition was *429 denied (9 Misc 2d 484). A notice of appeal was filed on his behalf on March 26, 1958 but the appeal was not perfected. On June 7, 1961 the defendant petitioned the Supreme Court, Dutchess County, for a writ of habeas corpus, the petition containing the identical allegations upon which he had based the afore-mentioned coram nobis application. The writ was dismissed, after a hearing, by an order (Supple, J.) dated July 27, 1961. The order was unanimously affirmed by the Appellate Division (16 A D 2d 658) and by the Court of Appeals (12 N Y 2d 817).
His present application by way of writ of error coram nobis to vacate and set aside the afore-mentioned judgment of conviction is based upon the allegation that “ when he was arraigned upon the indictment he was without benefit of counsel, as a result of which his rights were violated and he was damaged in numerous ways; that he was unable to move against the indictment under Sections 313-14-15 of the Code of Criminal Procedure and he lost his opportunity to demur to the indictment as provided for in Section 323 of the Code of Criminal Procedure.”
In support of his application the petitioner urges the decision of the United States Supreme Court in Hamilton v. Alabama (368 U. S. 52, 54) wherein the Supreme Court granted certiorari in a coram nobis proceeding and reversed an Alabama court order denying the motion. In that case the defendant was not provided with counsel before arraignment on a capital charge and the Supreme Court in setting aside the conviction wrote: “ Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. Whatever happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes.”
Sufficient material differences exist between the situation in Alabama and in New York as to make the ruling in Hamilton v. Alabama (supra) inapplicable here.
While sections 313, 314, 315 and 323 of the Code of Criminal Procedure provide for certain motions to be made at the time of arraignment, nevertheless it has always been the practice to permit counsel to make these motions or interpose demurrers after arraignment. I know of no reported ease where a court did not permit counsel to make motions addressed to the indictment at times subsequent to the arraignment. The court possessed the discretionary power to permit him to do so (People v. Doule. 11 App. Div. 447; People ex rel. Hubert v. Kaiser, 150 *430 App. Div. 541, affd. 206 N. Y. 46). There would seem to he little doubt that such an application would have been granted (People v. Dolac, 3 A D 2d 351, 353). Counsel had ample time to permit the defendant to take advantage of every opportunity and defense which was originally available to him (see Canizio v. New York, 327 U. S. 82; People v. Markowits, 119 App. Div. 841, affd. 189 N. Y. 562; People v. Dolac, supra, p. 354).
The defendant’s counsel did not move to withdraw his plea of “ not guilty ” in order to demur to the indictment, nor did he make any motions with respect to the indictment.
In People v. Spinney (16 A D 2d 669) the Appellate Division affirmed an order which denied without a hearing a coram nobis application based upon the identical grounds as here presented, except that the defendant in that case was represented by retained counsel, and in a memorandum opinion stated: “ Defendant’s previously retained attorney was not present at the time he pleaded not guilty to the indictment. However, neither defendant nor his attorney ever sought to withdraw the not guilty plea in order to move or demur against the indictment. Instead defendant proceeded to trial; he was convicted and sentenced; and the same retained attorney represented him throughout the trial and the sentencing. Defendant’s counsel had ample opportunity to take advantage of every defense that he would have had were he present at defendant’s arraignment for plea, since he could have moved for leave to withdraw the not guilty plea as a predicate to an attack on the indictment. Hence, defendant was not in fact deprived of the benefit of counsel (Canizio v. New York, 327 U. S. 82; People v. Dolac, 3 A D 2d 351, affd. 3 N Y 2d 945).”
The defendant’s further contention that he was deprived of the right to assert the defense of insanity is without basis in law. Under the law of the State of New York a defendant could interpose the defense of insanity under his general plea of “ not guilty ” (People v. Joyce, 233 N. Y. 61).
None of the matters alleged herein, some of which were a matter of record and could have been raised on appeal, were urged in the Court of Appeals. The only point there raised was “ the erroneous charge of the trial court ” as to the admissibility of the confession of the defendant offered in evidence by the People (People v. Sadness, 300 N. Y. 69).
I find no reason in this petition or answering affidavits to grant a hearing. The application is therefore denied.