UNITED STATES ex rel. Arthur
SPINNEY, Relator,

v.

Edward M. FAY, Warden of Green Haven
Prison, Stormville, New York,
Respondent.

United States District Court
S. D. New York.

Feb. 28, 1963.

See also 211 F.Supp. 854.

---

Arthur Spinney, pro se.

Louis J. Lefkowitz, Atty. Gen., State of
New York, Ronald J. Offenkrantz, Deputy
Asst. Atty. Gen., for respondent.

BONSAL, District Judge.

Arthur Spinney, presently in State custody, petitions this Court for a writ of habeas corpus claiming that his detention is unlawful in that he did not have counsel at the time of his arraignment.

The petitioner was convicted after trial by jury in the County Court, Queens County, of robbery, grand larceny and assault, all in the first degree. He was sentenced on March 10, 1950 to a minimum of fifteen years and a maximum of thirty years imprisonment. The petitioner is presently in Green Haven Prison, Stormville, New York.

An inspection of the minutes taken at the time of petitioner's arraignment on September 16, 1949 reveals that the Assistant District Attorney read the charges in the indictment to him and

asked him whether he pled guilty or not guilty. After petitioner had pled not guilty, the Assistant District Attorney inquired whether he had a lawyer. The petitioner stated that he had, and gave his name and address. A short time later, the petitioner made an application for bail, and responded to the court's inquiry that he wished to do it personally, without counsel. After some discussion with the petitioner, and a request by the Assistant District Attorney for $50,000 bail, the court set bail at $10,000.

■ No direct appeal was taken by the petitioner from the judgment of conviction. However, he has made some twenty-one applications for either writs of error coram nobis or writs of habeas corpus in both the State and Federal courts. The contention raised here, violation of petitioner's constitutional rights because of lack of counsel at the time of his arraignment, was rejected by the Queens County Court (Oct. 23, 1961, Bosch, J.). The Appellate Division, Second Department, unanimously affirmed, People v. Spinney, 16 A.D.2d 669, 226 N.Y.S.2d 820 (April 9, 1962); leave to appeal to the Court of Appeals was denied on June 4, 1962 (per Desmond, J.); and certiorari was denied by the United States Supreme Court, sub nom. Spinney v. New York, 371 U.S. 866, 83 S.Ct. 128, 9 L.Ed.2d 103. Thus, petitioner has exhausted his State remedies and his application may be entertained on its merits. 28 U.S.C. § 2254; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944).

■ Where, as here, the application for the writ presents an issue of law with no facts in dispute, and the record affords an adequate opportunity to weigh the sufficiency of the allegations, there is no necessity for having a hearing. Brown v. Allen, supra, 344 U.S. at 463, 73 S.Ct. at 410, 88 L.Ed. 572.

■ "The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is only authorized when a state prisoner is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241." Brown v. Allen, supra, 344 U.S. at 485, 73 S.Ct. at 421, 88 L.Ed. 572. The petitioner's contention here is that the entry of his plea of not guilty to the indictment at a time when his previously retained attorney was not present was in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

The New York Code of Criminal Procedure § 308 provides:

"If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel. * * *"

An arraignment in New York "consists in stating the charge in the indictment to the defendant, and in asking him whether he pleads guilty or not guilty * * *." Code of Crim.P. § 309. The defendant may obtain an adjournment if he requires it. § 311. In answer to the indictment the defendant may move to set it aside, demur, or plead. § 312. All of this must be done at the time of arraignment, or at such other time as the Court may allow. §§ 315, 322.

The New York courts have on many occasions found no prejudice, under this statutory scheme, to a defendant who pleads without benefit of counsel but who is subsequently represented at later stages in the proceeding by counsel. People v. Dolac, 3 A.D.2d 351, 160 N.Y.S.2d 911, aff'd. 3 N.Y.2d 945, 168 N.Y.S.2d 315, 146 N.E.2d 284 (1957); People v. Zizzo, 235 N.Y.S.2d 652 (Sup.Ct., Kings Co. Dec. 28, 1962); People v. Lupo, 16 A.D.2d 943, 229 N.Y.S.2d 728 (App.Div. 2d Dep't. June 11, 1962); People v. Hyde, 16 A.D.2d 942, 229 N.Y.S.2d 658 (App. Div., 2d Dep't. June 11, 1962); People v. Fuentes, 149 N.Y.Law Journal No. 24 at 18 (Feb. 4, 1963, Sup.Ct., Bronx Co.).

In Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545 (1946) the Supreme Court found no denial of constitutional rights in the case of a 19-year-old boy who, without counsel, pled guilty

at his arraignment, but was subsequently represented by counsel at his sentencing. The Court (per Black, J.) stated:

> "All of this demonstrated to the satisfaction of the court below that even though petitioner may not have had counsel at the beginning, he had counsel in ample time to take advantage of every defense which would have been available to him originally. We think the record shows that petitioner actually had the benefit of counsel. When that counsel took over petitioner's defense he could have raised the question of a defect in the earlier part of the proceedings." 327 U.S. at 86, 66 S.Ct. at 453, 90 L.Ed. 545 [Footnote omitted]

In People v. Dolac, supra, the defendant was called upon to plead to the indictment without the benefit of counsel. Counsel was assigned to the defendant after he pled not guilty. The Court stated:

> "[The defendant] was for the time being at least, even though he pleaded not guilty, deprived of the opportunity to advise with counsel as to whether he should move against the indictment or demur thereto before pleading. However, when after conferring with his assigned counsel he appeared in court with such counsel on March 9 he could have moved to withdraw his plea of not guilty in order that he might move against the indictment or demur thereto. The Court possessed the discretionary power to permit him to do so. [citing cases] There would seem to be little doubt that such an application would have been granted. However, neither defendant nor his counsel asked for any such relief but on the contrary moved to be allowed to withdraw his plea of not guilty and to enter a plea of guilty thereby conceding the validity of the indictment. Even now on this appeal no question is raised as to the validity of the indictment. (160 N.Y.S.2d at 913)

\* \* \* \* \* \*

> "In the circumstances here present the conclusion is inescapable that counsel was assigned in ample time to permit the defendant to take advantage of every opportunity and defense which was originally available to him." [Citations omitted.] (160 N.Y.S.2d at 913–914)

■ The petitioner argues that merely because under New York practice a court may, within its discretion, allow motions addressed to the indictment to be made at a time subsequent to the arraignment, there is no guarantee that the right to make such motions is not lost. This very argument was raised by the dissent in Dolac, supra, in the Appellate Division. However, as demonstrated above, the majority believed that under the New York statutory scheme the defendant's rights were fully protected; and this decision was affirmed without opinion in the New York Court of Appeals, 3 N.Y.2d 945, 168 N.Y.S.2d 315 (1957).

■ In non-capital cases in the State courts the right to counsel is not absolute. Constitutional issues are raised only if the denial of access to counsel, or delay in the retention or appointment of counsel, results in fundamental unfairness. Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962, (1947); Canizio v. New York, supra; United States ex rel. Reid v. Richmond, 295 F.2d 83, 89 (2d Cir.), cert. denied, 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344.

Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) is distinguishable. Hamilton was a case involving capital punishment in which available defenses could have been irretrievably lost under Alabama law if not asserted at the time of arraignment. The Court specifically alluded to Canizio v. New York, supra, and stated:

> "Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal pro-

ceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted * * *." (368 U.S. at 54, 82 S. Ct. at 159, 7 L.Ed. 114)

The New York cases involving lack of counsel at the time of arraignment since Hamilton v. Alabama have uniformly distinguished the New York criminal procedure from that of Alabama and deemed the holding in Hamilton inapplicable. People v. Lupo, supra, (June 11, 1962); People v. Hyde, supra, (June 11, 1962); People v. Fuentes, supra, (published Feb. 4, 1963). Even in a capital case, the New York court has found that "Sufficient material differences exist between the situation in Alabama and in New York as to make the ruling in Hamilton v. Alabama * * * inapplicable here." People v. Zizzo, supra, 235 N.Y. S.2d at 653 (Dec. 28, 1962).

In the instant case the arraignment occurred in mid-September 1949; the trial did not start until February 15, 1950. The New York courts hold that an attorney who enters a case after his client has already pled to an indictment will be allowed to withdraw the plea and to move against the indictment. People v. Dolac, supra. The petitioner's attorney had some five months from the arraignment until the trial to act with respect to the plea, but there is no indication that he sought to withdraw the plea and to move against the indictment. Indeed, to this date, no question has been raised as to the validity or sufficiency of the indictment.

Under these circumstances there has been no fundamental unfairness or violation of petitioner's constitutional rights which would warrant vacating his conviction.

■ Petitioner, in a separate application, has also sought a writ of habeas corpus on the grounds that he was forcibly taken on May 25, 1961 from Massachusetts to New York by two "Agents of the State of New York". The date of this alleged abduction is subsequent to the judgment of conviction and sentence under which the petitioner is now incarcerated. Here there has been no exhaustion of State remedies as required by 28 U.S.C. § 2254. Brown v. Allen, supra, Ex parte Hawk, supra. The petitioner apparently recognizes this because in a similar application which was denied by the United States District Court for Massachusetts, he stated that an earlier application to this Court had been denied due to his failure to exhaust his State remedies. United States ex rel. Spinney v. Fay, 211 F.Supp. 854 (D.Mass. Dec. 11, 1962).

Both writs are denied.

So ordered.