■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE COMBS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated December 17, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered April 11, 1961 on his plea of guilty, convicting him of manslaughter in the second degree and sentencing him as a second felony offender to serve a term of 7½ to 15 years. Order affirmed. Defendant's main grievance is that at the time of his arraignment on the charge of murder in the first degree (and before pleading guilty) a plea of not guilty was entered without the benefit of counsel. Defendant relies apparently on the case of *Hamilton* v. *Alabama* (368 U. S. 52), although it is not cited. There the court, in a capital case where the death sentence was imposed, set aside the judgment of conviction on the ground that defendant's constitutional rights were violated when a plea of not guilty was entered on arraignment without the benefit of counsel. His rights were violated, the court held, because under Alabama law whatever defenses may be available to a defendant in a criminal action are irretrievably lost unless such rights are claimed and asserted upon his original arraignment. The basis of the decision was the defendant's permanent loss under Alabama law of his legal rights. There is a radical difference, however, between the law of Alabama and the law of this State. Under the law of this State, we hold as a matter of law and find as a fact that in this case the defendant lost no rights and suffered no prejudice whatever because of his counsel's absence at the time of his (defendant's) initial arraignment; whatever counsel could have done then on defendant's behalf, counsel was free to do thereafter (cf. *People* v. *Zizzo*, 38 Misc 2d 428; *People* v. *Murdaugh*, 18 A D 2d 1139). The law of this State provides a complete remedy for the redress of a defendant's rights even though initially he appeared without counsel upon his arraignment and pleaded not guilty. For he may thereafter move to set aside his prior *pro se* plea of not guilty and attack or demur to the indictment and take advantage of every other opportunity or defense which was originally available to him (*People* v. *Dolac*, 3 A D 2d 351, affd. 3 N Y 2d 945; *People* v. *Spinney*, 16 A D 2d 669; *Canizio* v. *New York*, 327 U. S. 82; *People* v. *Hyde*, 16 A D 2d 942; *People* v. *Lupo*, 16 A D 2d 943; *People* v. *Zizzo*, 38 Misc 2d 428, *supra*). Under the law of this State, therefore, it may not be said that defendant's constitutional rights

have been impaired or infringed solely by reason of his counsel's absence upon his initial arraignment when he pleaded not guilty. The recent case of *White* v. *Maryland* (373 U. S. 59) does not make any contrary determination. There defendant was definitely prejudiced by his initial plea of guilt in his counsel's absence, because under Maryland law proof of such plea may subsequently be given in the same criminal prosecution. Under New York law, however, no such prejudice can ensue since any proof or reference to a prior guilty plea is unqualifiedly proscribed (*People* v. *Spitaleri*, 9 N Y 2d 168; *People* v. *Pearson*, 10 N Y 2d 894; *People* v. *Porter*, 16 A D 2d 821). The *White* case (*supra*), therefore, has no application other than to affirm the holding in *Hamilton*, namely: that counsel's absence upon the defendant's initial arraignment requires reversal of the subsequent conviction only when under the law of the particular State the defendant's rights may have been irretrievably lost by reason of such absence of his counsel. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.