**UNITED STATES of America ex rel. Aniello CACCIO, Relator-Appellant,**

v.

**Hon. Edward M. FAY, as Warden, Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**No. 503, Docket 29420.**

United States Court of Appeals Second Circuit.

Argued June 2, 1965.

Decided Aug. 16, 1965.

Joshua N. Koplovitz, New York City (Anthony F. Marra, Legal Aid Society, New York City, of counsel), for relator-appellant.

Michael H. Rauch, Deputy Asst. Atty. Gen., of New York (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel H. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before MOORE and ANDERSON, Circuit Judges, and LEVET, District Judge.

MOORE, Circuit Judge.

Aniello Caccio appeals from an order of the District Court for the Southern District of New York, John Cannella, Judge, denying a petition for a writ of habeas corpus.

On February 2, 1954, Caccio was arraigned in New York on a New York indictment for first degree murder and pleaded not guilty. Caccio had retained counsel who had evidently filed a written appearance, but the record indicates that counsel was not present at the arraignment. However, Caccio was granted a two-week period in which his retained (and subsequently assigned) counsel could make any motions addressed to the indictment. No such motions were made. Caccio's plea of not guilty was later withdrawn and he was allowed to plead guilty to a reduced charge of second degree murder. He received a prison sentence of from 20 years to life, which he is now serving.

After exhausting his available state post-conviction remedies, People v. Caccio, Supreme Court, Kings County (March 9, 1962), aff'd, 19 A.D.2d 640, 242 N.Y.S.2d 608 (2d Dept. 1963), Caccio filed the present petition in the District Court claiming that his rights under the Sixth Amendment had been violated by the absence of counsel at his arraignment in 1954. The District Court denied the petition on the basis that the arraigning magistrate had given Caccio a specific period of time in which to make any motions which could have been made at the initial arraignment.

We cannot subscribe to Caccio's argument that the Supreme Court has established in White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961) that the absence of counsel upon arraignment is an inflexible, *per se* violation of the Sixth Amendment. These cases must be read in light of their essential facts. In Hamilton, the Court held that under Alabama law the arraignment was a critical stage in criminal proceedings in the sense that certain defenses (such as insanity) would be irretrievably lost if not asserted at this

point. In White the Court held that the absence of counsel at the submission of a guilty plea in Maryland pre-arraignment proceedings violated the Sixth Amendment since under Maryland law this plea could later be (and was) used in evidence against the defendant. In each case possible specific prejudice[1] or actual prejudice resulting from the absence of counsel was the basis of the Court's decision. Thus the consequences under particular state law of a defendant's actions and not the absence of counsel *per se* determine whether or not a pre-trial stage is critical.

The constitutional defects found in White and Hamilton are not present here. In contrast to White, Caccio entered a plea of not guilty at his arraignment and thus his plea could have no actual adverse effect on the later stages of the criminal proceedings against him. De Toro v. Peppersack, 332 F.2d 341 (4th Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181 (1964); People v. Spitaleri, 9 N.Y.2d 168, 173 N.E.2d 35, 212 N.Y.S.2d 53, 86 A.L.R.2d 322 (1961); People v. Dolac, 3 A.D.2d 351, 160 N.Y.S.2d 911 (4th Dept.), aff'd 3 N.Y.2d 945, 146 N.E.2d 284, 168 N.Y.S.2d 315 (1957). In fact, he could not have done otherwise because "New York and some other states will not permit a plea of guilty where the crime charged is or may be punishable by death." People v. La Barbera, 274 N.Y. 339, 343, 8 N.E.2d 884, 885 (1937); see N.Y.Code Crim.Proc. § 332.

Moreover, Caccio lost no possible defenses under state law by his actions at arraignment. Arraignment under New York law was held to meet due process requirements in Canizio v. People of State of New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545 (1946), which was later cited with approval in Hamilton v. State of Alabama, supra, 368 U.S. at 54, 82 S. Ct. 157, 7 L.Ed.2d 114. The New York courts and this Court have since held that [under New York law] the arraignment is not a critical stage in New York criminal proceedings since "an attorney who enters a case after his client has already pled to an indictment will be allowed to withdraw the plea and to move against the indictment." United States ex rel. Spinney v. Fay, 221 F.Supp. 419, 422 (S.D.N.Y.), aff'd on opinion below, 325 F.2d 436 (2d Cir. 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1343, 12 L.Ed.2d 300 (1964); People v. Combs, 19 A. D.2d 639, 241 N.Y.S.2d 104 (2d Dept. 1963); People v. Hyde, 16 A.D.2d 942, 229 N.Y.S.2d 658 (2d Dept. 1962). Within the two-week period, Caccio thus had the right to attack or demur to the indictment or to raise any defenses available at the initial arraignment. Caccio cannot complain of prejudice in view of the scope of his ability to defend himself and especially in view of the fact that his counsel never made use of the opportunity to attack the indictment or to raise any defenses if such there were. Only after counsel had been successful in obtaining the reduced charge of second degree murder did Caccio withdraw the plea of not guilty.

Caccio also argues that under New York law, the ability to make post-arraignment motions rests in the discretion of the state courts and that an accused *may* be deprived thereby of an op-

[1]. A distinction should be made between actual and possible prejudice although the presence of either in a particular case category could result in a finding that the Sixth Amendment has been infringed. In Hamilton the Court never determined whether the defendant would have raised the defense made unavailable under Alabama law or whether he would have been successful if these defenses had been raised. It was only necessary that Hamilton *could have been* prejudiced by the absence of counsel. White, on the other hand, presents a good example of possible and actual prejudice since the defendant's guilty plea was in fact used against him. These cases should be contrasted with the *per se* approach taken in Gideon v. Wainwright, 372 U.S. 335 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) in connection with the absence of counsel at trial. In Gideon the Court never stopped to determine the specific areas of Florida law where the absence of counsel could have or did cause more specific prejudice to the defendant.

portunity to take some action important to his defense. However,

"[t]he law of this State [New York] provides a complete remedy for the redress of a defendant's rights even though initially he appeared without counsel upon his arraignment and pleaded not guilty. For he may thereafter move to set aside his prior *pro se* plea of not guilty and attack or demur to the indictment and take advantage of every other opportunity or defense which was originally available to him (citations omitted)." People v. Combs, 19 A.D. 2d 639, 241 N.Y.S.2d 104, 105 (2d Dept. 1963).

Speculation as to exercise of discretion in this case is wholly unnecessary because the magistrate in fact exercised his discretion at the arraignment in favor of Caccio, granting the two weeks' continuance for the very purpose of enabling him to take advantage of all arraignment and post-arraignment motions and procedures.

■ Nor can any doubt be cast upon the accuracy of the finding made by the District Court that the defendant had in fact been granted a continuance. Caccio argues that this finding is based on a mere unsupported statement in the brief of the Attorney General of the State of New York submitted to the Appellate Division of the Supreme Court of New York in the *coram nobis* proceedings brought by Caccio. However, this "statement" is the reproduction of the specific finding that such a continuance had been granted as set out in the unreported opinion of the New York Supreme Court issued in the initial dismissal of Caccio's *coram nobis* petition. We find no reason to doubt this evidence of a specific determination by the New York courts, and we hold that the District Court was justified in its reliance on this state determination. Thus we hold that Caccio suffered no deprivation of any constitutional right because of the absence of counsel at his arraignment.

Affirmed.