**UNITED STATES of America ex rel. Willie COMBS, Petitioner-Appellant,**

v.

**Hon. Wilfred L. DENNO, as Warden of Sing Sing Prison, Ossining, New York, Respondent-Appellee.**

No. 238, Docket 29382.

United States Court of Appeals Second Circuit.

Argued Jan. 25, 1966.

Decided March 15, 1966.

**810**

Stephen R. Barnett, New York City, for petitioner-appellant.

Michael H. Rauch, New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before FRIENDLY and HAYS, Circuit Judges, and DOOLING, District Judge.*

DOOLING, District Judge.

Combs was charged on July 8, 1960, with homicide, indicted for murder in the first degree on October 20, 1960, convicted on his plea of guilty of manslaughter in the second degree and sentenced on April 11, 1961, as a second felony offender, to a term of seven and a half to fifteen years at Sing Sing prison. Contending that he had been denied the aid of counsel, particularly at the time he was arraigned, Combs first exhausted his state remedy (People v. Combs, 2d Dept. 1963, 19 A.D.2d 639, 241 N.Y.S.2d 104), and then petitioned the United States District Court for the Southern District of New York for a writ of *habeas corpus*. The claims made below, only the first two of which are urged in this Court, were that lack of the assistance of counsel at the preliminary hearing resulted in a damaging waiver of examination, that at his arraignment upon the indictment the Court entered a plea of not guilty in his counsel's absence to the prejudice of his motion rights, that the indictment was returned on insufficient evidence, that his first offense was not a felony within the meaning of New York's Multiple Offender Law (Penal Law, McKinney's Consol.Laws, c. 40, §§ 1941, 1943), that he had shot the deceased in self-defense, and that he had been denied the assistance of counsel in pursuing his post-conviction remedy in the state court. Judge Weinfeld denied the petition on the state court record without granting a hearing. The state court, too, had disposed of Combs' *coram nobis* proceeding without a hearing.

* Of the Eastern District of New York, sitting by designation.

Combs' argument, conducted with impressive skill and force, is that in the circumstances of his case waiver of examination at the preliminary hearing irretrievably lost him the valuable right to have the state's evidence presented and cross-examined so that it could be used on a bail application and could be made available to influence the Grand Jury proceeding, and that the waiver resulted from a claimed lack of the assistance of counsel. Combs argues that he was, at the least, entitled to a hearing on the issue of his claimed lack of counsel at the preliminary hearing. It is further argued that pleading to the capital charge made in this case indispensably required the assistance of counsel; that arraignment for pleading in New York is made critical by the statutory requirement that significant motions must then be made, or the indictment then demurred to, and that the residual right to appeal to the court's discretion to entertain the motions or demurrer at a later time, when, under the handicap of belatedness, they are less likely to succeed, does not cure the loss of the right to move or demur before pleading, but rather measures and emphasizes the extent of the loss of right. It is contended that had Combs been represented by counsel at his arraignment, a full scale attack then launched on the surprising indictment for first degree murder would have had its fairest prospect of success, and that it is in consequence impossible to affirm that Combs suffered no prejudice from being limited to the later and brusquely denied motion to inspect the Grand Jury minutes.

Appellant's contentions are met at each turn by the record. The endorsement on the charge states that when Combs appeared in the City Magistrate's Court (Brooklyn Felony Court) on July 8, 1960, legal aid was requested and assigned and, under date of July 8, 1960, there is a notice of appearance by the Legal Aid Society ("L. A. S.") signed by H. Ryan. Below the endorsement on the charge of the request for legal aid appears "REP. BY MR. H. RYAN," and the endorsement is initialled by the Magistrate. The records of Brooklyn Felony Court include a docket notation that H. Ryan of Legal Aid Society represented defendant. Another endorsement on the charge recites "EXAMINATION WAIVED." A third endorsement, initialled by the Magistrate, denies bail and commits Combs to custody.

Appellant's uncorroborated assertion that he had no legal assistance in the Felony Court does not suffice in the face of the clear and multiple contrary evidence in the record to present a substantial and genuine issue of fact requiring an evidentiary hearing. It is thus not necessary to consider whether a later indictment can be thought to cure a deprivation of the right to counsel's assistance in deciding on the strategy of handling the Felony Court proceeding. Cf. Blue v. United States, D.C.Cir. 1964, 342 F.2d 894, 899.

Combs was held without bail. On July 29, 1960, Benjamin Massey filed a notice of appearance for Combs in the County Court, Kings County. On October 20, 1960, the Grand Jury indicted Combs for murder in the first degree. Under the New York Code of Criminal Procedure defense counsel are entitled to at least one day's notice of arraignment (§ 296-a), and at the arraignment the defendant is entitled to counsel (§ 308), to a statement of the charge and to interrogation as to his plea (§ 309), and to a reasonable adjournment if he seeks it (§ 311); at arraignment defendant is required to plead or to demur or to make certain of the motions available against an indictment (§§ 312, 313–316, 322–326, 330–336).

Combs appeared on October 20, 1960, the day the indictment was filed, and his attorney was not present. That fact was endorsed on the indictment. The County Judge thereupon entered a plea of not guilty for defendant and the indictment was stamped,

"By direction of the Court a plea of not guilty is hereby entered for this defendant. He is advised that he may

**812**

after consultation with counsel to be assigned, make any motion or enter another plea or file a demurrer as he may desire, as if no plea had been entered by him at this time."

On November 30, 1960, Combs' attorney moved to inspect the Grand Jury minutes and on December 15, 1960, the motion was denied. Meanwhile, on December 6, 1960, the Court appointed three additional attorneys to represent Combs. On January 30, 1960, Combs changed his plea to one of guilty to manslaughter in the second degree, to cover the indictment; all four of his counsel were present with him and witnessed Combs' signature to the endorsed statement of his change of plea.

On the facts the act of the County Judge in entering a plea for Combs in his counsel's absence did not alter Combs' rights or dilute their quality. The endorsed enlargement of time for all purposes in substance continued the case in the same status as if arraignment had not occurred; it gave Combs an unrestricted procedural choice. Cf. United States ex rel. Caccio v. Fay, 2d Cir. 1965, 350 F.2d 214, 217; United States ex rel. Machado v. Wilkins, 2d Cir. 1965, 351 F.2d 892, 894; Vitoratos v. Maxwell, 6th Cir. 1965, 351 F.2d 217, 221. With the arraignment in this case thus denatured, there is no ground for application of the argument that Hamilton v. State of Alabama, 1961, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114, must now, in the light of White v. State of Maryland, 1963, 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 and Pointer v. State of Texas, 1965, 380 U.S. 400, 402, 85 S.Ct. 1065, 13 L.Ed.2d 923, be read to mean that in a capital case absence of counsel at an arraignment at which defendant pleads invalidates the proceeding without reference to inquiries about criticality or about the reality of consequent prejudice.

The Court desire to express their thanks to Stephen R. Barnett, Esq. for his excellent presentation, as assigned counsel, of the appellant's case.

Affirmed.