Alexander W. Kramer, J.
The defendant moves to dismiss two .traffic informations — the one charging the violation of subdivision (b) of section 1123 of the Vehicle and Traffic Law; the other charging the violation of section 501 (subd. 4, par. a) of the same law.
The citations were returnable on July 26, 1967. The court records indicate that pleas of not guilty were entered: trials were scheduled for November 16, 1967. The items “ B/Particulars ” appearing thereon indicate no demand for a bill of particulars. However, the attorney for the defendant did communicate with the court by letter dated July 18, 1967. He *1085 indicated therein a desire to plead not guilty; he requested particulars; and asked that the trial date be set not earlier than the beginning of September. A trial date of November 16,1967, was established.
The trials were then adjourned to February 1, 1968. The defendant failed to appear on that date: the issuance of warrants was directed. Later that directive was countermanded and a new trial date of August 23, 1968 was fixed.
On August 23,1968, the defendant and his attorney appeared. The defendant moved for the trial of both issues as one; the motion was granted. The police officer was sworn. After he indicated merely that he had been employed by the Suffolk County Police Department on June 16, 1967 — the date of the alleged offenses — defendant’s attorney moved for dismissal on the ground that no bills of particulars had been served. The court denied the motion; it then directed that the trials be adjourned to October 4, 1968. The attorney for the defendant objected to the adjournment, arguing that the trial had been commenced. Thereupon, and on its own motion, the court declared a mistrial.
Bills of particulars were served on September 11, 1968. Despite that, defendant now moves to dismiss. The thrust of the motion — double jeopardy.
Provisions for simplified traffic informations and bills of particulars are set forth in sections 147-a through 147-g of the Code of Criminal Procedure. The bill of particulars — especially in traffic matters — is a tool designed to aid and assist the accused in the preparation of his defense. It is a shield rather than a sword.
In the matter now under consideration the defendant seeks to convert the shield into a sword in his effort to strike down the pending charges. In so doing, he is resorting to operation ‘ ‘ sand bag. ’ ’ Despite the fact that particulars may have been demanded, nothing prior to the trial was done by the defendant towards seeking a court directive for that which the statute made available to him. He simply waited and bided his time to strike. Such practice is repugnant. It violates all concepts of fairness; it is the antithesis of due process — so commonly bruited to be the burden of the prosecution.
•Section 147-f of the Code of Criminal Procedure provides that — the court, inter alia — “ at the request of the defendant, shall direct the peace officer to file a bill of particulars of the violation charged.”
Prior to August 23, 1968, there had been no such directive. At best, it can be said that the defendant demanded the bills. *1086 On that date the court did indeed issue a specific directive pursuant to the Code: that directive has been met.
'The court has examined the case of People ex rel. Herbert v. Hanley (142 App. Div. 421). It does not apply.
The motion is denied.
■Submit order providing for the establishment of a new trial date.