Ronald J. Summers, J.
The defendant was arrested and arraigned in Town Court on a short form information charging him with driving while his operator’s license was revoked. (Vehicle and Traffic Law, § 511.) His attorney requested and *597 received a bill of particulars several weeks before the trial. (The bill of particulars was not verified.) Immediately upon the commencement of the trial, after the arresting officer had been sworn, defense counsel moved to dismiss the charge against his client on the ground that the bill of particulars was not verified or affirmed under section 147-g of the Code of Criminal Procedure and therefore the trial court was without jurisdiction. The court reserved decision on the motion. The court then permitted the arresting officer to swear to the information contained in the bill of particulars and the trial was allowed to continue.
It is generally stated that a bill of particulars serves the purpose of informing the defendant of the nature of the charge and the circumstances under which he is alleged to have violated the law. (People v. Boback, 23 N Y 2d 189.) Section 147-g of the Code of Criminal Procedure requiring verification or affirmation of the bill of particulars has been justified on the ground that it underpins the “ sanction of an oath and subject to the penaly for perjury if willfully false ” (People v. Jeffries, 19 N Y 2d 564, 567).
In the instant case the sworn information was ruled sufficient by the court as a matter of law on a pretrial motion by defense counsel and the defendant had the benefit of a timely and adequate bill of particulars in the sense that it was served several weeks before the trial and it set forth facts explaining the manner in which the defendant violated the statute. Neither the sufficiency nor the timeliness of the bill of particulars was questioned before or at the time of trial. The entire testimony of the arresting officer was given under oath and itself constituted an affirmation of the matters set forth in the bill of particulars. The violation charged and the necessary proof in this case were not complex, and there was no variation between the information, the bill of particulars, the officer’s testimony, and the certified records of revocation from the Department of Motor Vehicles in Albany submitted on behalf of the People at the time of trial. The court does not feel therefore that the defendant’s rights were prejudiced. (See section 285 of the Code of Criminal Procedure.) This is particularly true where defense counsel did not request verification or affirmation of the bill of particulars before the trial and chose to sleep on his rights. (People v. Luciano, 58 Misc 2d 1084.)
This court interprets the Boback decision (23 N Y 2d 189, supra) as saying that a uniform traffic information is sufficient *598 to confer jurisdiction of the subject matter upon the court, but not sufficient to confer jurisdiction over the person if additional affidavits supporting the information are necessary. (See, also, Code Crim. Pro., §§ 147-c, 147-d, 147-e.) But once the defendant appears in person either for purposes of pleading or trial then the trial court does obtain jurisdiction over his person. (People v. Markowitz, 119 App. Div. 841, 843; Matter of Catalone v. Special Sessions Ct., 47 Misc 2d 81; People v. Preble, 39 Misc 2d 411.) If that be the case, this court holds that there was no jurisdictional defect as the information was proper and the defendant appeared for arraignment and to contest the charges. The fact that the. bill of particulars was not sworn to did not divest the court of jurisdiction and the defendant was not prejudiced by the court’s action in permitting the arresting officer to swear to the bill of particulars to cure whatever defect may have existed.
It is the further opinion of this court that neither the spirit nor the letter of the Boback or Jeffries decisions is being infringed upon by not allowing this defendant to redistribute the equities of due process to thwart the simple aims of justice. (See People v. Luciano, 58 Misc 2d 1084, supra.) Motion denied.