323 F.2d 449
 UNITED STATES of America ex rel. Michael John HOMCHAK,
Petitioner-Appellant,
v.
The PEOPLE OF the STATE OF NEW YORK and Warden, Green Haven
Prison (As Agent), Stormville, New York,
Respondent-Appellee.
 No. 112, Docket 28366.
 United States Court of Appeals Second Circuit.
 Argued Oct. 4, 1963.
Decided Oct. 14, 1963.
 
 Kevin Thomas Duffy, New York City, for petitioner-appellant.
 Ronald J. Offenkrantz, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of New York, Irving Galt, Asst. Sol. Gen., New York City, on the brief), for respondent-appellee.
 Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael John Homchak, the relator, was convicted on a plea of guilty of murder in the second degree on June 3, 1940, in the Queens County Court and sentenced to a term of 25 years to life imprisonment. In October 1960, relator for the first time sought a post-conviction remedy in the state courts on the ground that his plea of guilty had been induced by the unfulfilled promise of the state trial court and the state prosecutor that his sentence would not exceed 20 years to life imprisonment.
 
 
 2
 Application for a writ of error coram nobis was denied by the Queens County Court on November 16, 1960, without a hearing, and through a rehearing and successive proceedings relator exhausted his state remedies, 14 A.D.2d 887, 218 N.Y.S.2d 536 (1961), cert. denied, 370 U.S. 957, 82 S.Ct. 1610, 8 L.Ed.2d 823 (1962), although at no stage was any evidence taken. Relator filed the instant petition for habeas corpus on July 27, 1962, which was denied by Judge Weinfeld without a hearing.
 
 
 3
 In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court set forth the circumstances which require an evidentiary hearing before the federal district judge in habeas corpus and included among these the situation in which 'for any reason it appears that the state trier of fact did not afford the (habeas) applicant a full and fair fact hearing.' Relator urges that Judge Weinfeld was required by Townsend to grant an evidentiary hearing below because no hearing had been held in the state courts on this claim.
 
 
 4
 Homchak's petition to the district court contained no more than wholly conclusory allegations as to an unfulfilled promise that he would be sentenced to no more than 20 years to life imprisonment. The only other alleged support for his claim is to be found in a letter written to his court-appointed counsel in reply to questions asked him concerning the circumstances surrounding his guilty plea. The purport of the letter is that one of his two court-appointed trial counsel had assured him that the sentence would not exceed 20 years to life imprisonment and that relator had merely presumed[1] that the counsel-- whom he failed to name-- had received this assurance from the state court or prosecutor. Relator failed to submit an affidavit or any statement from either of the two trial attorneys assigned to him and offered no explanation for his failure to do so.
 
 
 5
 While Townsend and other related Supreme Court cases have expanded the ambit within which an evidentiary hearing must be granted in habeas corpus, these cases in our opinion do not require a hearing where, as here, the petitioner has failed entirely to particularize through the statement of any relevant facts his wholly conclusory claim of constitutional infirmity. As we stated recently in United States ex rel. McGrath v. LaVallee, 319 F.2d 308 (2 Cir., 1963), 'When the petition in support of an application for habeas corpus reveals upon its face that it is defective as a matter of law, the habeas court may dismiss the application without a hearing.'
 
 
 6
 We therefore affirm the denial without hearing of relator's petition.
 
 
 7
 We wish to express the court's appreciation to Kevin Thomas Duffy, Esq., court-assigned counsel, for his capable representation of the relator in this appeal.
 
 
 
 [1]
 The letter reads: 'My only presumption was that the matter, after having been given the assurance, was discussed by the attorney * * * with the District Attorney or Prosecutor or Judge or perhaps all. I cannot say for certain.'