**John J. BOULTER, Appellant,**

v.

**UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, CITY OF NEWARK.**

**No. 15227.**

United States Court of Appeals Third Circuit.

Argued Aug. 16, 1965.

Decided Sept. 21, 1965.

Neil Leibman, Philadelphia, Pa., for appellant.

Barry D. Maurer, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., John N. Ellsworth, Asst. U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

On September 19, 1962, appellant was indicted on three counts charging him with possession of and passing counterfeit twenty dollar Federal Reserve notes. He was promptly assigned counsel. On October 5, 1962 he appeared before the court with his attorney. The latter advised the court that appellant desired to plead guilty to the first count of the indictment and not guilty to the second and third counts. The judge carefully explained to Boulter the seriousness of the offense, nature of the plea and the possible penalty. Boulter told the court he understood and then pleaded guilty to the first count and not guilty to the other two. The court accepted those pleas. At the hearing as to sentence Boulter's attorney, addressing the court for leniency on Boulter's behalf, said that Boulter " * * * of his own free will and volition asked for the Secret Service men to come over and they came to Hudson County jail and he cooperated with them. To what extent I don't know, but I do know that he in fact did ask for them to come and see him to unburden himself."

The court asked appellant if he had anything to say and he answered, "Just that I am sorry."

On November 5, 1962 appellant wrote the sentencing judge asking for a reduction in sentence saying inter alia " * * I know I should of realized this before committing a crime but I was unemployed at the time and desperate for money. The shock of being sent away again has put a great effect upon me and I now realize my immature ways. * * *"

Before the district court, appellant made no allegation that he had received either inadequate or incompetent representation. And, as the district court opinion held: "Furthermore, the record reveals that the utmost caution was used to insure the petitioner's right to due process and that his attorney acted to protect his interests." The opinion also holds that " * * * the transcript amply demonstrates that the petitioner was well aware of the nature and effect of his guilty plea * * *."

The vague charge is made in this action that appellant was threatened with maximum sentences on all three counts if he were found guilty on them. Those maximum sentences would have totaled forty-five years. The district court opinion notes that no mention of this was made at the time of sentencing, in the later letter to the judge above quoted or indeed, until more than eighteen months after sentencing. The court further pointed out " * * * that while petitioner is of youthful age his dealings with the law have been considerable and he cannot be termed a complete novice to criminal proceedings."

From our own study of the entire record in this case we are satisfied that the district court was completely justified in its denial of appellant's petition to vacate sentence.

It is only fitting that we commend the zealous, most competent efforts of Neil Leibman, Esq., court appointed counsel on behalf of appellant in this appeal.

The order of the district court denying petition to vacate sentence will be affirmed.