**UNITED STATES of America ex rel. Isaiah RAMBERT, Petitioner-Appellant,**

v.

**The STATE OF NEW YORK, Respondent-Appellee.**

No. 264, Docket 28672.

United States Court of Appeals Second Circuit.

Argued March 8, 1966.

Decided April 1, 1966.

Averill M. Williams, New York City, for petitioner-appellant.

Brenda Soloff, Deputy Asst. Atty. Gen., New York City, (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City), for respondent-appellee.

Before SMITH, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Isaiah Rambert appeals from an order of the United States District Court for the Southern District of New York, Irving Ben Cooper, District Judge, denying without a hearing his application for habeas corpus. We find no error and affirm the order.

Rambert is imprisoned as a second felony offender after conviction on May 7, 1956, in Bronx County Court of the State of New York, of robbery in the second degree, and sentence of 7½ to 15 years. In this proceeding he claims he was not represented by counsel at his first conviction, in 1944.

On May 16, 1944 Rambert and a co-defendant were indicted in the Bronx County Court for burglary in the third degree. According to the indictment, daily calendar, and a notice of appearance filed by Attorney Salvatore George, Rambert was represented by George as assigned counsel. Minutes of the plea and sentence apparently have been inadvertently destroyed.

Appellant's application for a writ of error *coram nobis* on the same ground as he advances here was denied without a hearing by the Bronx County Court, Martinis, J., on March 10, 1961, on the ground that the records were conclusive, and that in a previous *coram nobis* proceeding in 1957 Rambert complained of inadequate assigned counsel. The order denying relief was affirmed, People v. Rambert, 17 A.D.2d 735, (1st Dept. 1962) and leave to appeal to the Court of Appeals was denied. Certiorari was denied by the Supreme Court, 373 U.S. 953 (1963). Appellant now affirmatively alleges he was without counsel in 1944.

The general rule is that if facts are in dispute, the habeas corpus court must hold a hearing if "applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding," Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), unless the claims are "vague, conclusory, or palpably incredible," Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), or "patently frivolous or false," Com. of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 119, 76 S.Ct. 223, 100 L.Ed. 126 (1956); see U. S. ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2 Cir. 1963).

Here applicant wrote to George, who was unable to recall representing him.

The facts alleged are not merely conclusory. The facts alleged are within applicant's personal knowledge. Contrast

U. S. ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2 Cir. 1963), where relator's claim was that he presumed (from facts not in dispute) that a deal had been made with the prosecution, and not honored; and U. S. ex rel. White v. Fay, 349 F.2d 413 (2 Cir. 1965), where relator claimed that the counts were not found by the grand jury, but typed in later.

However, there is a presumption of regularity attaching to the records showing George as Rambert's counsel. U. S. ex rel. Machado v. Wilkins, 351 F.2d 892, 894 (2 Cir. 1965); Marcello v. United States, 328 F.2d 961 (5 Cir.), cert. den. 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045 (1964).

Relator relies on George's failure to recall representing him. This, however, is no proof that George did not do so. Failure of memory so many years after the event is hardly affirmative proof that the records are incorrect. Aside from this we have only Rambert's unsupported statement that no one did represent him. It may be that this would be sufficient to create a factual issue requiring a hearing, absent one in the state court, if there were nothing more in the record. Here there is convincing proof that Rambert's present statements are patently false, for Judge Martinis had before him sworn statements by Rambert made some years nearer to the event, setting forth that he had been represented by counsel, that his plea was as a result

of advice of the counsel then representing him, and claiming that counsel's representation was inadequate.[1] In the absence of any effort by Rambert either to explain away his earlier affidavit, or point to any other evidence which might cast doubt on the accuracy of the records, we think no hearing required here. See U. S. ex rel. Combs v. Denno, 357 F.2d 809 (2 Cir. 1966). The order denying the writ is affirmed.

to become familiar with the charge in the indictment.

Your petitioner contends that on the date of pleaing his court assigned counselor advised him in the courtroom to accept a plea or have the book thrown at him, so your petitioner accepted a plea of Burglary in the third degree, your petitioner was under the assumption that because he was penniless and unable to procure a counsel of his own choosing that he could not obtain a fair and impartial trial, so he accepted the aforesaid mentioned plea and on July 18th, 1944 he was thereby sentenced to an indef. term in and at Elmira Reformatory.

---

1. (From affidavit signed and sworn to by Isaiah Rambert, September 19, 1957.)
   Your petitioner further claims that the onliest time counsel represented him was when he appeared for pleaing at Felony Court, as your petitioner said no counsel was assigned to him at said Magistrate's Court. Therefor, his constitutional guarantees were not protected as far in compliance with Art. 6 of the United States Constitution which states in part, "defendant's criminal prosecution to have counsel to represent him in every stage of the proceedings."
   Your petitioner claims that when his court assigned counsel was assigned to him his counselor never interviewed him to determine his alleged criminal act