Johnny TROTTER, also known as John Trotter, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 212, 213, Dockets 29990, 30056.

United States Court of Appeals Second Circuit.

Argued Jan. 27, 1966.

Decided April 21, 1966.

For opinion on remand see 255 F.Supp. 55.

William Singer, Hartford, Conn., for appellant.

Samuel J. Heyman, Asst. U. S. Atty. for Dist. of Connecticut (Jon O. Newman, U. S. Atty., on the brief), for appellee.

Before FRIENDLY and HAYS, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM.

Appellant Trotter brings this consolidated appeal from the denial of two motions to vacate sentence made pursuant to 28 U.S.C. § 2255, on April 5, 1965 and July 30, 1965.

The first appeal, Docket No. 29990, is from an order denying appellant's motion to vacate a sentence imposed on him, after a plea of guilty, for selling heroin. Appellant claimed that heroin is not a narcotic drug within the meaning of 26 U.S.C. § 4704(a) under which he was convicted.

* Of the District Court for Connecticut, sitting by designation.

**420**

The Internal Revenue Code, 26 U.S.C. § 4731(a) (2) defines a narcotic drug as including:

> "Any compound, manufacture, salt, derivative, or preparation of opium, isonipecaine, coca leaves, or opiate."

Heroin is a derivative of opium, and therefore a narcotic drug within the purview of the relevant statute. See Naval v. United States, 278 F.2d 611, 612 n. 2 (9th Cir. 1960).

Appellant in his second motion, Docket No. 30056, asserted that his guilty plea had been induced and coerced by promises of a suspended sentence made by appellant's court appointed counsel and an Assistant United States Attorney.

A pre-sentencing colloquy between a trial judge and defendant, of the type "conclusively" relied upon by the district court here, is "evidential on the issue of voluntariness, * * * not conclusive." United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 314 (2d Cir. 1963); see United States v. Tateo, 214 F.Supp. 560, 564 (S.D.N.Y.1963). The "making of such promises [as alleged here] in bad faith" may be trickery so flagrant as to violate appellant's constitutional rights. United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 712 (2d Cir. 1960); see Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

We reverse because the district court in rejecting appellant's petition did not have before it any reply by the government to the allegations of the petition either denying them or dealing with them otherwise. For all that appears from the record as we now have it, the government may be prepared to concede the validity of the petitioner's position. On remand, the district court, after receiving the government's reply, will be in a position to determine whether a hearing on appellant's motion is needed. See, United States ex rel. Rambert v. New York, 358 F.2d 715 (2d Cir. decided April 1, 1966).

The first order is affirmed; the second is reversed and the case remanded for further proceedings not inconsistent with this opinion.

BLUMENFELD, District Judge (concurring):

I concur in the reversal and remand for further proceedings, but I would make it plain that a hearing is required if the government denies the petitioner's allegation that an Assistant United States Attorney promised him that he would recommend a suspended sentence. See Walker v. Johnston, 312 U.S. 275, 287, 61 S.Ct. 574, 85 L.Ed. 830 (1941); United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); United States v. Paglia, 190 F.2d 445, 448 (2d Cir. 1951).