**Johnny TROTTER, a/k/a John Trotter, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 11059.**

United States District Court
D. Connecticut.

June 10, 1966.

William Singer, Hartford, Conn., for petitioner.

Samuel J. Heyman, Asst. U. S. Atty., New Haven, Conn., for respondent.

TIMBERS, Chief Judge.

The issue for determination by the District Court, upon remand from the Court of Appeals, 359 F.2d 419 (2 Cir. 1966), is whether petitioner's guilty plea entered January 24, 1964 to a charge of violation of 26 U.S.C. § 4704(a) was involuntary because induced and coerced by promises of a suspended sentence made by appellant's court appointed counsel and an Assistant United States Attorney as alleged in petitioner's motion to vacate sentence filed July 30, 1965 pursuant to 28 U.S.C. § 2255.

Petitioner is now incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania, serving a 2½ to 9 year sentence of imprisonment imposed under 18 U.S.C. § 4208(a) (1) by this Court February 17, 1964 upon his guilty plea.

Following receipt of the Court of Appeals opinion of April 21, 1966, this Court on April 27, 1966 issued an order requiring the government to file a written response to petitioner's § 2255 motion and directing that such response should include detailed, specific affidavits by the court appointed counsel and the Assistant United States Attorney alleged by petitioner to have made promises of a suspended sentence to petitioner.

The government promptly filed its response denying that any representations had been made to petitioner, either by the government or his court appointed counsel, that his guilty plea would result in a suspended sentence. Attached to the government's response were affidavits by the court appointed counsel and by each of the two Assistant United States Attorneys who handled the case. Each affidavit flatly denied that any promise of a suspended sentence had been made to petitioner or to his court appointed counsel. The affidavits did make clear that the court appointed counsel and, through him, petitioner had been informed that, in view of his willingness to cooperate with the Federal Bureau of Narcotics by supplying information concerning his source of supply and other contacts in the illicit traffic of narcotics, the government would be willing to file a substitute information charging a violation of 26 U.S.C. § 4704(a) rather than the 21 U.S.C. § 174 violations charged in the indictment; that, whereas under 21 U.S.C. § 174 the Court would be required to impose a mandatory minimum five year sentence, under 26 U.S.C. § 4704(a) the sentence to be imposed would be within the sole discretion of the judge who could even impose a suspended sentence and probation if in his wisdom he saw fit to do so; but that it was not the policy of the United States Attorney to make recommendations as to sentence and no recommendation was made or promised with respect to a suspended sentence or any other sentence in this case.

Upon receipt of the government's response, including the affidavits referred to above (all of which were served on petitioner's counsel), the Court on May 13, 1966 ordered a hearing at which petitioner and the government, each represented by counsel, would be heard on the issues raised and would be permitted to offer evidence relevant thereto.

Such a hearing was held May 23, 1966. Petitioner personally was present and testified. He was represented by counsel who called a number of witnesses on petitioner's behalf and cross-examined the government's witnesses. The government called as witnesses petitioner's court appointed counsel and the Assistant United States Attorney who, according to petitioner, promised him a suspended sentence.

The government's witnesses testified substantially in accordance with their affidavits referred to above, each emphatically denying that petitioner had been promised a suspended sentence.

Petitioner on the other hand testified that the government offered him a "deal": that in return for his promise of cooperation with the government, an Assistant United States Attorney had promised him a 2 year suspended sentence, plus 5 years probation. At first he declined the "deal", according to petitioner's testimony, but eventually he was persuaded by his relatives who in turn had been urged by his court appointed counsel to talk him into pleading guilty, which he did. Petitioner's story was corroborated to this extent by the testimony of a number of relatives, including his mother, his sister, his step-father and his aunt.

The Court, thus confronted with a sharp conflict in evidence, is required to make a determination whether promises of a suspended sentence were made to petitioner as alleged. Applying the well recognized tests for determining credibility, the Court credits the testimony of the court appointed counsel and the Assistant United States Attorney that petitioner was not promised a suspended sentence; and, by applying the same tests, the Court rejects as unworthy of belief the testimony of petitioner and his relatives that he was promised, as part of a

deal, a 2 year suspended sentence, plus 5 years probation.

██ In resolving the issue of credibility against petitioner, the Court has taken into account—in addition to such well recognized criteria as the demeanor of the witnesses on the stand, their interest in the outcome of the case, the inherent probability or improbability of their story, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible evidence—the following factors which in the opinion of the Court are particularly revealing upon the issue of credibility here presented:

(1) Petitioner's substantial prior criminal record.

(2) Petitioner's admission—without blinking an eyelash—at the May 23, 1966 hearing that he had lied to this Court on two prior occasions, namely, at the time of his change of plea on January 24, 1964 and at the time he was sentenced on February 17, 1964.

(3) Petitioner's statement to this Court at the time of the change of plea on January 24, 1964, while represented by counsel, that no person, including no one connected with the United States Government, had given or promised anything to him to induce him to plead guilty to violation of 26 U.S.C. § 4704(a).

(4) Petitioner's repeated affirmations of his guilt: at the time of his change of plea on January 24, 1964; at the time he was sentenced on February 17, 1964; in his letter to the Court received April 6, 1964 ("that did not erase the fact that I committed the crime"); and in his letter to his court appointed counsel of April 16, 1964 ("but I know how guilty I am"). In the teeth of such an overwhelming record of admission of guilt, petitioner nevertheless pompously proclaimed his innocence at the May 23, 1966 hearing.

(5) Despite the fact that petitioner submitted to the Court innumerable motions, petitions and letters seeking reduction of sentence, correction of sentence and vacation of sentence—on every imaginable ground—it was not until July 30, 1965, more than a year and a half after he was sentenced, that there first emerged the claim that his guilty plea had been induced and coerced by promises of a suspended sentence made by his court appointed counsel and an Assistant United States Attorney. Against the entire background of this case and in particular petitioner's loose regard for the truth, such claim just does not ring true.

██ The Court finds that petitioner deliberately lied at the May 23, 1966 hearing on every material issue and is wholly unworthy of belief on any issue. Aside from all else, such patently false testimony coming from a prisoner who is approaching the end of his minimum term of imprisonment imposed—a time when normally he might be under consideration for parole—appears especially ill-advised and unfortunate. Petitioner's performance on the witness stand before this Court on May 23, 1966 certainly brands him as a highly doubtful parole risk.

## CONCLUSION

██ Upon the entire record, the Court concludes that petitioner's guilty plea was not induced or coerced by any promise of a suspended sentence made by petitioner's court appointed counsel or an Assistant United States Attorney, nor was any promise made that a suspended sentence would be recommended. Petitioner's guilty plea was freely and voluntarily entered.

The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

Motion to vacate sentence denied.