**UNITED STATES of America ex rel. Nolan DELCAMBRE, Petitioner,**

v.

**Honorable Walter W. FITZPATRICK, Warden, Federal House of Detention, Respondent.**

**No. 67 Civ. 374.**

United States District Court
S. D. New York.

May 26, 1967.

Nolan Delcambre, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for United States of America; Richard A. Givens, Asst. U. S. Atty., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner's allegation that he was represented by an attorney at the time of sentence who was unaware of an alleged promise made to a different attorney who represented him at the time his plea was entered is rebutted by the record, which stamps the allegation as false. In short, " * * * the files and records of the case conclusively show that the prisoner is entitled to no relief * * *."[1] And entirely apart from the foregoing, there is neither an affidavit from the attorney who it is alleged made the statements as to a promise of a concurrent sentence, nor any statement by petitioner that any effort was made to obtain one.[2] The petitioner is not entitled to "a free ride" to the courthouse upon the allegations here made.[3]

The petition is denied.

[1] 28 U.S.C. § 2255. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); United States ex rel. Combs v. Denno, 357 F.2d 809, 811 (2d Cir.), cert. denied, 385 U.S. 872, 87 S.Ct. 144, 17 L.Ed.2d 99 (1966); United States ex rel. Alicea v. LaVallee, 239 F.Supp. 721, 722–723 (N.D.N.Y.1965).

[2] See United States ex rel. Homchak v. People of State of New York, 323 F. 2d 449, 450 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. Weiss v. Fay, 232 F.Supp. 912, 914–915 (S.D. N.Y.1964). Cf. United States v. Aviles, 274 F.2d 179 (2d Cir.), cert. denied sub nom. Evola v. United States, 362 U.S. 974, 80 S.Ct. 1057, 4 L.Ed.2d 1009 (1960).

[3] See Sanders v. United States, 373 U.S. 1, 19–22, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963); United States ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U. S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); Sobell v. United States, 264 F. Supp. 579, 582 (S.D.N.Y.1967), aff'd, 378 F.2d 674 (2d Cir. 1967).