**UNITED STATES of America ex rel. Anthony FINN, a/k/a Anthony Giordano, Petitioner,**

v.

**Milton KLEIN, Warden of Bronx County House of Detention for Men, Bronx, New York, Respondent.**

No. 67 Civ. 375.

United States District Court
S. D. New York.

July 27, 1967.

Anthony Finn, pro se.

Louis J. Lefkowitz, Atty. Gen., of State of New York, New York City, for respondent; Michael Jaffe, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, serving a sentence of from five to ten years imposed under a judgment of conviction for robbery, third degree, entered in Bronx County Court on April 27, 1962, seeks his release under a federal writ of habeas corpus. He was sentenced as a second felony offender. His basic attack is directed to an earlier conviction for attempted grand larceny in the second degree entered in the former Court of General Sessions, New York County, which was the predicate for his sentence as a second felony offender.

Petitioner alleges that in 1958 he committed a "series of armed robberies" in Bronx County and one in New York County, for which he was indicted in the respective counties. Upon his plea of guilty to the Bronx County charges he was adjudged and sentenced as a Youthful Offender [1] on June 13, 1958. Soon thereafter, on July 30, 1958, on the New York County indictment, he was sentenced to the Elmira Reception Center, which sentence was to run concurrently with the Youthful Offender sentence previously imposed in the Bronx County Court. It is this judgment of conviction which he challenges as violative of his right to due process of law under the Fourteenth Amendment.

Petitioner contends that with respect to the New York County charge, (1) his plea of guilty was entered "under the belief" that he would be treated as a Youthful Offender, as he had been in Bronx County; (2) that he was "misled by the Court into believing" he was pleading guilty to being a Youthful Offender, and (3) that he and his parents were "assured" by his counsel that he would be given Youthful Offender treatment.

In 1965, seven years after the entry of his guilty plea, petitioner applied for a writ of error coram nobis in the Supreme Court of the State of New York, New York County, upon the grounds here advanced. The application was denied without a hearing (Schweitzer, J.). The Appellate Division affirmed and leave to appeal to the Court of Appeals was denied. The petitioner then filed the present application.

■ Upon a review of the entire record, this court finds that the legal insufficiency of the petition, with its conclusory claim of constitutional infirmity and hearsay allegations, requires its dismissal; [2] further, that the record demonstrates the claim is without substance. Upon the petitioner's initial arraignment on the New York County indictment on May 27, 1958, he was represented then, and subsequently, by privately retained counsel—"an eminently experienced lawyer in the field of criminal law, who for over 20 years was an assistant district attorney * * *." [3] An investigation was ordered to determine whether defendant was eligible to be adjudged a Youthful Offender, he having consented to the procedure as required by the New York statute, and the matter was adjourned pending determination of eligibility, during which time the indictment was in abeyance under the Act. [4]

■ The court records indicate that on July 2, 1958 petitioner was disapproved for Youthful Offender adjudication, which reinstated the normal procedure of prosecution under the indictment. [5] Thereafter, on July 30, 1958, represented by his counsel, petitioner, upon arraign-

---

1. N.Y.Code Crim.Proc. § 913–e et seq.

2. United States ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. Weiss v. Fay, 232 F.Supp. 912 (S.D.N.Y.1964).

3. Opinion, Schweitzer, J., in dismissing the state coram nobis application.

4. N.Y.Code Crim.Proc. § 913–g(3).

5. N.Y.Code Crim.Proc. § 913–g(4).

ment, pled guilty to attempted grand larceny in the second degree, a felony. He had been indicted for the crimes of robbery in the first degree, grand larceny in the first degree, assault in the second degree, and carrying a dangerous weapon. The prosecution recommended acceptance of the plea to the lesser charge, which was to cover all counts. The plea was entered only after the defendant had been questioned by the court as to his participation in the crime.

■ Contrary to petitioner's present claim that he was "under the belief" and "was misled into believing" he was to be adjudged a Youthful Offender, the record indicates that at the time of plea and sentence not only was there no discussion with respect thereto (apart from the fact that previously, on July 2, it had already been determined he was ineligible to be so adjudged), but his counsel, in urging leniency, referred to the fact that petitioner had "to take another conviction." The fact is that upon the imposition of sentence his experienced counsel made no claim that defendant had been promised Youthful Offender treatment; neither did the defendant, already familiar with the Youthful Offender procedure by reason of his very recent Bronx experience, make any claim or protest the imposition of the felony sentence.[6] No evidential fact is set forth to indicate that his "belief" he was to be adjudged as a Youthful Offender was the result of any statement, promise, inducement or representation by the court or the prosecution. Petitioner's

subjective belief is no more than a hope of every defendant of lenient or favorable treatment, and his disappointment, because it had been determined he was not eligible for Youthful Offender treatment, is not transmuted into a violation of his right to due process of law.[7]

■ The allegation that his attorney (who died some years ago) "assured him" and also his parents that he would be treated as a Youthful Offender in New York County, as he had been in Bronx County, is also conclusory and without evidential content.[8] Moreover, even if it be assumed that the attorney gave the "assurance," this would not constitute a basis for a claim of constitutional deprivation of petitioner's federal rights absent a showing of fraudulent or overreaching conduct by the court or the prosecution which induced the plea.[9]

And finally, entirely apart from the lack of evidential support for petitioner's charges, the sentencing judge, in denying the writ of error coram nobis, affirmatively rejected the allegation that he misled the defendant or that he and the District Attorney agreed with defense counsel to afford him Youthful Offender treatment. The documentary record of the state court belies petitioner's assertions.

This is not a case where an untutored, immature youth, without aid of competent counsel, family or friend, stood alone and entered a plea of guilty.[10] Here petitioner had the guiding hand and advice

6. Cf. Boulter v. United States District Court, 350 F.2d 860 (3d Cir. 1965).

7. Cf. United States ex rel. Homchak v. New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 314 (2d Cir. 1963); United States v. Parrino, 212 F.2d 919, 921 (2d Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954); Monroe v. Huff, 79 U.S.App.D.C. 246, 145 F.2d 249 (1944).

8. Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967); D'Ércole v. United States, 361 F.2d 211 (2d Cir. 1966), cert. denied, 385 U.S. 995, 1032, 87 S.Ct. 610,

17 L.Ed.2d 454 (1967). Cf. United States v. Pisciotta, 199 F.2d 603 (2d Cir. 1952).

9. Cf. United States v. Horton, 334 F.2d 153 (2d Cir. 1964); Moore v. United States, 334 F.2d 25 (5th Cir. 1964); United States v. Parrino, 212 F.2d 919 (2d Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954); United States v. Weese, 145 F.2d 135 (2d Cir. 1944); United States v. Sehon Chinn, 74 F.Supp. 189 (S.D.W.Va.), aff'd, 163 F.2d 876 (4th Cir. 1957). See also People v. Fink, 8 A.D.2d 859, 186 N.Y.S.2d 825 (3d Dep't), cert. denied, 361 U.S. 920, 80 S.Ct. 265, 4 L.Ed.2d 188 (1959).

10. United States ex rel. Brown v. Fay, 242 F.Supp. 273 (S.D.N.Y.1965).

of competent and experienced counsel at every stage of the proceeding. There is no factual support for the claim that petitioner was unaware his plea of guilty was to a felony. The petitioner entered his plea understandingly and voluntarily; it is without federal constitutional taint.

The petition is dismissed.