**UNITED STATES of America ex rel. Roberto PEREZ, Petitioner,**

v.

**Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

No. 67 Civ. 4258.

United States District Court
S. D. New York.

Sept. 25, 1968.

Roberto Perez, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Michael Jaffe, Asst. Atty. Gen., of counsel.

OPINION

WEINFELD, District Judge.

The record demonstrates that petitioner had the benefit of the advice not only of his retained counsel at and prior to the time of the entry of his guilty plea, but, in addition, of other lawyers who had previously represented him. The trial court accepted the plea only after a thorough questioning of petitioner established that he offered it freely and voluntarily. The conclusory and freewheeling allegations of petitioner, contradicted by his own attorney, do not require a hearing. Not a single evidentiary fact supports the claim that the plea was entered upon a promise of a suspended sentence.[1] The record fully sustains the finding of the State coram nobis court that upon the entire file, including the transcripts of the plea and sentencing proceedings, petitioner's allegations are completely unsupported.[2]

The petition is dismissed.

7. Schecter v. Waters, 199 F.2d 318 (Tenth Cir. 1952).

1. Cf. United States ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

2. Cf. United States v. Pisciotta, 199 F. 2d 603, 606–607 (2d Cir. 1952); United States ex rel. Finn v. Klein, 271 F.Supp. 513 (S.D.N.Y.1967); United States v. Shillitani, 16 F.R.D. 336 (S.D.N.Y.1954).