**Langley VESS, Petitioner,**

v.

**J. Edwin LaVALLEE, Superintendent, Clinton Correctional Facility, Respondent.**

**No. 75C 1317.**

United States District Court, E. D. New York.

Oct. 13, 1976.

Paul E. Warburgh, Jr., Huntington, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen. by Joan P. Scannell, Deputy Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM AND ORDER

PLATT, District Judge.

By a petition for a writ of habeas corpus, Langley Vess challenges his conviction for rape, sodomy, sexual abuse, and incest imposed upon him after a jury trial in the County Court of Nassau County in violation of 28 U.S.C. § 2241.

On December 15, 1972, petitioner was sentenced to several concurrent indeterminate sentences of imprisonment with maximum periods of four to fifteen years. On February 11, 1974, petitioner's conviction was unanimously affirmed, without opinion, by the Appellate Division, Second Department. By an Order dated March 7, 1974, leave to appeal to the New York Court of Appeals was denied.

Petitioner subsequently made several motions in the Nassau County Court to vacate his conviction and to reargue on the grounds that at one point during his trial his counsel was not present in the court, and that there were numerous errors in the trial transcript. Petitioner also sought a writ of error *coram nobis* based on similar grounds. These applications were all denied. Leave to appeal to the New York Court of Appeals was also denied.

Petitioner contends that this Court should hold an evidentiary hearing to resolve the factual issues in dispute. He alleges that the trial transcript is incorrect in twenty-eight instances, that his trial counsel, Mr. Irving Singer, was absent from the courtroom during the direct examination of a witness when "patently objectionable questions" were asked, and that his constitutional rights were violated when he was denied the right to counsel on appeal.

### I

Petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b). As respondent admits in his supplemental affidavit, the errors alleged in the instant petition were argued in petitioner's numerous motions and applications for writs of error *coram nobis.*

### II

In *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) the Supreme Court held that Federal Courts must hold evidentiary hearings in reviewing habeas corpus petitions if the petitioner was not afforded a full and fair hearing in the State courts.

■ Petitioner herein has had a full opportunity to present his claims to the New York State Courts. Petitioner admits that he made at least six similar applications to the State courts.[1] Petitioner further admits that the same issues raised in the instant petition were "raised, directly and by implication in all of the motions . . . ".[2] Accordingly, this Court need not hold an evidentiary hearing. *U. S. ex rel. Homchak v. The People of the State of New York,* 323 F.2d 449 (2d Cir. 1963), *cert. denied,* 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); *U. S. ex rel. Marinaccio v. Fay,* 336 F.2d 272 (2d Cir. 1964); *U. S. ex rel. Combs v. Denno,* 357 F.2d 809 (2d Cir.), *cert. denied,* 385 U.S. 872, 87 S.Ct. 144, 17 L.Ed.2d 99 (1966). As the Supreme Court cautioned in *Townsend* (at p. 319):

> "We are aware that the too promiscuous grant of evidentiary hearings on habeas could both swamp the dockets of the District Courts and cause acute and unnecessary friction with state organs of criminal justice, while the too limited use of such

1. These applications included 1) a motion pursuant to C.P.L. 440.10(1)(g) for a new trial based on newly discovered evidence; 2) a motion pursuant to C.P.L. 440.10(1)(f), (h) for proceeding to trial without a defense counsel; 3) a motion pursuant to C.P.L. 440.10(1)(h) for failure to hold a hearing concerning alleged trial transcript errors; 4) a motion pursuant to C.P.L. 440.10(1)(b), (h) for fraud and misrepresentation by the Assistant District Attorney; 5) a motion for an extension of time to appeal to the Appellate Division, Second Department on grounds of inadequacy of counsel, and inaccuracies in the trial transcript; 6) a motion in the Appellate Division, Second Department for an accurate trial transcript; 7) numerous motions for reargument and for leave to appeal to the Appellate Division, Second Department.

2. Page three of petitioner's "rider to petition".

hearings would allow many grave constitutional errors to go forever uncorrected. The accommodation of these competing factors must be made on the front line, by the district judges who are conscious of their paramount responsibility in this area."

■ Furthermore, a hearing is not required if the allegations are "patently frivolous". *Pennsylvania ex rel. Herman v. Claudy,* 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956). Reference to a sampling of the twenty-eight alleged errors in the trial transcript reveals that the majority fit within the patently frivolous exception to the hearing requirement. For example, petitioner claims that: [3]

"5. The record of the voir dire of the jury, on empanneling (sic) is not correct; although there definitely was a recess for lunch on the first day, there *is no indication of this.*"

■ The only alleged inaccuracy in the transcript which merits discussion is the claim that petitioner's trial attorney was absent from the courtroom during the cross-examination of a witness. However, this allegation is definitively answered by the affidavits of the trial judge, the Assistant District Attorney who prosecuted the case, and another Assistant District Attorney who spoke with Mr. Singer after the trial, and was told by him that the trial never proceeded in his absence. These affidavits clearly establish that petitioner's claim is meritless.

Similarly, the trial transcript (at pp. 463–464) reveals that during the period which petitioner alleges that Mr. Singer was absent, the Court asked if the defense was ready to proceed, and Mr. Singer responded that the defense was ready. The record also reveals that numerous objections were interposed by Mr. Singer during the cross examination of the witness, Virginia Magale. Furthermore, the court reporter who transcribed the minutes has attested to the accuracy of this record.

Petitioner cites the case of *U. S. ex rel. McGrath v. LaVallee,* 319 F.2d 308 (2d Cir. 1965) in support of his arguments. In *McGrath,* a sharply divided Second Circuit panel held that a hearing was required where the prosecutor's affidavit merely denied the petitioner's allegation that the trial transcript was inaccurate. However, the facts of that case are distinguishable from those of the instant petition.

First, and very significantly, in *McGrath* the petitioner's attorney submitted an affidavit supporting the allegation that the trial record was inaccurate. In the instant petition, however, the petitioner's claim is disputed by his attorney, as well as by the Judge and the prosecutor.

Second, in *McGrath* the petitioner had only one opportunity to present his claim to

---

3. Other examples of alleged errors in the trial record are:

"15. The defendant state his address as 41 Quebec Road, Island Park, N.Y. The record shows 41 Lido Neck Road.

16. At page 507 the record shows that the defendant ate rotten drum whereas he did get sick from *Rhodedendrum,* which is mountain laurel leaf was stated. Bad hearing.

17. Same page. The defendant states that a preacher, Harless prayed for him. Record shows preacher Harris. At p. 508 preacher Horliss is shown. Reporter didn't hear good.

\* \* \* \* \* \*

27. The procedure shown on p. 1014 concerning the way the verdict was rendered is not correct. They did not go down count by count with the Clerk as shown. What the clerk says on p. 1015, Harken

to your verdict etc., was not said. What the court says to the jury in respect to the first and third count is incorrect on p. 1017.

What was stated when the foreman read the verdict was, not guilty of rape first degree, guilty of rape first degree, not guilty of sodomy first degree, Guilty of sodomy first degree, guilty of sexual abuse first degree, and incest. To my knowledge they were deadlocked on sexual abuse and incest of the witness that the defendant was found not guilty on the rape and sodomy counts.

After the foreman's verdict it seems that the judge may have been confused for he said: In other words you admit on rape first degree, sodomy first degree, sexual abuse, incest, sexual abuse and incest. They were polled."

the state courts. Petitioner herein, on the other hand, has had numerous opportunities to raise his claims in the state courts.

Third, in *McGrath* the Court was concerned with a specific allegation of deceit and fraud which coerced the petitioner into pleading guilty. Here there is no such claim, only a claim that the transcript is in error in this and numerous other respects many of which are frivolous. Moreover, in the instant petition the allegations are vague and conclusory. They do not justify an evidentiary hearing.

In addition, several Second Circuit decisions have established that there is a presumption of regularity that attaches to the records of a state court proceeding, *U. S. ex rel. Rambert v. The State of New York*, 358 F.2d 715 (2d Cir. 1966); *U. S. ex rel. Machado v. Wilkins*, 351 F.2d 892 (2d Cir. 1965), *cert. denied*, 383 U.S. 916, 86 S.Ct. 908, 15 L.Ed.2d 670 (1966), and that district courts should view with a jaundiced eye mere allegations that stenographic minutes are inaccurate. *U. S. v. DiCanio*, 245 F.2d 713 (2d Cir.), *cert. denied*, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957); *U. S. v. Smart*, 448 F.2d 931 (2d Cir. 1971), *cert. denied*, 405 U.S. 998, 92 S.Ct. 1269, 31 L.Ed.2d 467 (1972); *U. S. ex rel. Hunter v. Follette*, 420 F.2d 779 (2d Cir. 1969), *cert. denied*, 397 U.S. 1067, 90 S.Ct. 1506, 25 L.Ed.2d 689 (1970).

### III

Finally, petitioner argues that he was denied the right to counsel on appeal. However, petitioner admits in his numerous briefs submitted to the state courts that Mr. Theodore Rathizer of the Legal Aid Society was appointed to represent him on appeal.

Moreover, even if we construe petitioner's argument as questioning the effectiveness of his counsel, he has failed to allege facts entitling him to relief. Relief may only be granted where the representation has been so woefully inadequate as to shock the conscience of the court and make the proceedings a farce and a mockery of justice. *U. S. ex rel. Marcelin v. Mancusi*, 462 F.2d 36 (2d Cir. 1972), *cert. denied*, 410 U.S. 917, 93 S.Ct. 977, 35 L.Ed.2d 279 (1973). The only basis for petitioner's claim is that his attorney did not answer his letters concerning the alleged inaccuracies in the transcript. Petitioner's allegation, even if true, does not violate the standard announced in *Marcelin*.

For the foregoing reasons petitioner's application for a writ of habeas corpus must be, and the same hereby is denied.