**William F. BANKHEAD, Petitioner,**

v.

**J. Edwin LAVALLEE, Superintendent, Respondent.**

**No. 76 C 1359.**

United States District Court, E. D. New York.

April 13, 1977.

George Sheinberg, Brooklyn, N.Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen. of N.Y. by Ralph L. McMurry, New York City, for respondent.

## FINDINGS, OPINION and ORDER

PLATT, District Judge.

This is a *habeas corpus* petition brought by a state prisoner who claims that he was sentenced in the absence of a valid plea of guilty by the Kings County Supreme Court in violation of Title 28 U.S.C. § 2241 *et seq.* The case was originally assigned to the Honorable Edmund Port, United States District Judge for the Northern District of New York. Judge Port dismissed the application in opinions dated November 4, 1975 and January 20, 1976. However, on June 18, 1976, the United States Court of Appeals for the Second Circuit remanded the case for a hearing and determination of whether petitioner's guilty plea was vacated by the New York Supreme Court, Kings County. On July 8, 1976, Judge Port ordered the case transferred to this district pursuant to Title 28 U.S.C. § 2241(d) and it was reassigned to the undersigned.[1]

This Court thereafter appointed Mr. George Sheinberg to represent the petitioner and conducted an evidentiary hearing on December 10, 1976, January 14, 1977 and January 28, 1977. At the hearing the Court heard testimony from Mr. Richard Gensowski, a former Law Secretary to Mr. Justice Cowin, Mr. Norman Nyrin, a state court reporter, Mr. Jeff L. Greenup, the petitioner's prior attorney, and Mr. Bankhead.

Mr. Gensowski testified that he was employed by Mr. Justice Cowin of the Kings County Supreme Court during August and September of 1973 and that he was present in Court during proceedings in the case of the People of the State of New York against William Bankhead. He said that he was in Court on August 13, 1973, when Mr. Bankhead pleaded guilty to a consolidated indictment charging him with robbery and other offenses. He further testified that he was in Court on September 20, 1973, when an order was signed and entered directing that Mr. Bankhead be sent to Kings County Hospital for psychiatric examination. He said that at no time on that day did Mr. Bankhead attempt to withdraw his plea nor did Mr. Justice Cowin say that he refused to accept Mr. Bankhead's plea. Mr. Gensowski identified the September 20, 1973 "buck sheet for indictment folder" and a copy of an indictment folder for that date both of which he said were used in the Criminal Term of the Kings County Supreme Court and which supported his testimony. The documents contained the following notation: "sentence adjourned to October 3, the defendant to be psychiatrically examined, a report returned by 10–3." Mr. Gensowski also identified an order dated September 20, 1973 signed by Mr. Justice Cowin directing that Mr. Bankhead be psychiatrically examined.

On cross examination, Mr. Gensowski was asked what made Mr. Bankhead's case stand out in his mind, to which he replied: "Because this defendant was one of the most troublesome defendants I have seen in my career in the Criminal Term." [2]

Mr. Norman Nyrin testified that he was the court reporter who had recorded the official transcript of the August 13, 1973 guilty plea entered by the petitioner. Mr. Nyrin said that he had compared his stenographic notes with the official transcript and found it accurate.

Mr. Jeff Greenup testified that he was assigned to represent Mr. Bankhead in the Kings County Supreme Court. He said that after numerous consultations, the petitioner decided to plead guilty to a consolidated indictment, but that on August 10,

---

1. This petitioner has filed approximately twenty five other actions in this district, several of which raised challenges to the petitioner's guilty plea and the alleged withdrawal of that plea by the State Court. One such case, *Bankhead v. Warden of the Clinton Correctional Facility,* No. 76 C 769 (E.D.N.Y. June 16, 1976), was dismissed by this Court because of the pendency of the earlier case then before Judge Port. Another case, *Bankhead v. William T.*

*Cowin et al.,* 405 F.Supp. 326 (E.D.N.Y. December 31, 1975, and June 18, 1976), was dismissed by this Court as to all of the defendants except Mr. Jeff Greenup. Mr. Greenup may now wish to renew his prior motion to dismiss which this Court originally denied on June 18, 1976.

2. Not exactly an overstatement in the light of fn. 1, *supra.*

1973, after the Assistant District Attorney recited the facts of one of the charges in the consolidated indictment to the Court, the petitioner denied his guilt and Judge Cowin refused to accept the plea but gave the petitioner several days to reconsider. Mr. Greenup said that the petitioner denied his guilt only because he mistakenly thought that the prosecutor would have to prosecute him on the consolidated indictment and that he "didn't have his facts straight".[3] However, Mr. Greenup said that after he explained to the petitioner that the prosecutor could try him on each indictment separately, the petitioner decided to plead guilty and did so on August 13, 1973. Mr. Greenup said that after the August 10, 1973 Court appearance Judge Cowin did not at any time state that he would "refuse to accept" a plea from the petitioner as Mr. Bankhead contends herein.

Following the entry of the plea and prior to sentencing, Mr. Greenup said that he visited the petitioner at the Mens House of Detention and the petitioner told him that he wanted to withdraw his guilty plea because he "had something going" at the Atlantic Avenue jail and did not want to leave. Mr. Greenup further testified that when the time came for sentencing Mr. Bankhead attempted to withdraw his guilty plea and after the Court was told that the petitioner had attempted suicide, a psychiatric examination was ordered. Mr. Greenup said that the petitioner was returned to Court after the examination report was completed and again sought to withdraw his plea. He said that Mr. Justice Cowin thereafter held a hearing to determine whether there were grounds for the withdrawal application and found no such grounds existed and accordingly denied the application.

Mr. Bankhead took the stand as the only witness in support of his petition. He testified that the first time he saw Mr. Greenup was in the courtroom on August 10, 1973, but later said only that he could not remember any prior discussions with him. He said that his only recollection of the August 10, 1973 proceedings was that he denied his guilt and asked for a new attorney. He said that he did not tell the Court on August 13, 1973 that he wished to keep Mr. Greenup as his attorney as the transcript of the proceeding indicates. He admitted pleading guilty on August 13, 1973, but said that he told the Court that "I hadn't done nothing". He said that he was not advised of his constitutional rights and claimed that the transcript of the August 13, 1973 proceeding was false. In response to a question from the Court asking whether he was saying that Mr. Justice Cowin instructed the court reporter to prepare a false transcript, Mr. Bankhead said "it's quite possible".

Mr. Bankhead further testified that when he first appeared for sentencing on September 21, 1973, he asked Judge Cowin about the "inadequacy of counsel hearing" and the Judge responded flatly "I cannot accept this man's plea", after which the petitioner said that he was "let out of court".

On July 29, 1974, Mr. Bankhead said that a lawyer who had been retained by his mother but who's name he could not recall, was "put out of the Court" by Judge Cowin and although he "reminded Mr. Cowin of his statement of September of '73", he was sentenced to fifteen years.

On cross examination, the respondent's attorney read the petitioner parts of the August 13th transcript wherein the Court advised Mr. Bankhead of his constitutional rights. The petitioner said "it didn't happen." In an effort to clarify the petitioner's contention, this Court asked certain questions, from the answers to which one can only infer (although even this is not too clear) that "it didn't happen" on August 13th but that it did on August 15th or 17th. In essence, it appears that the defendant is trying to claim that the entry of his plea was taken over a two day session, that the Court records were all falsified to reflect

---

**3.** The facts as outlined by the Assistant District Attorney apparently did correspond with the facts underlying one of the indictments.

that the plea was taken on one day and that somehow this casts doubt on the voluntariness thereof.

The Court finds on this point that the Court records are correct and that Mr. Bankhead did not give this Court a truthful picture of what occurred.

Mr. Bankhead also said that Judge Cowin did not order him committed to the Kings County Hospital for psychiatric study during the September 21st Court appearance although he admitted that he did thereafter go to the hospital but said that he never saw a doctor while in the hospital and that the psychiatric report was a fake.

In response to further cross examination, Mr. Bankhead admitted that he wrote a letter to the Temporary State Commission on Judicial Conduct in 1974 in connection with these events but in which he neglected to mention the events he testified to on direct examination. He explained "that time I was trying I guess, you could say be my own investigator hopefully trip them up, 'them' meaning Mr. Kahn or Mr. Greenup . . . my plans were that they would think that I forgot about it and begin lying about it."

The respondent also introduced into evidence the transcripts of the August 10, 1973, August 13, 1973, and July 29, 1974, State Court proceedings. The August 10th transcript reflects that the Assistant District Attorney offered the petitioner a plea to a consolidated indictment and that after the prosecutor recited the facts underlying one of the indictments, the petitioner denied his guilt. The petitioner then requested and was granted several days to "think it over".

The transcript of the August 13th proceeding reflects that the Court told the petitioner that the case would be tried immediately if the petitioner wanted to go to trial and that the petitioner initially indicated that he wanted another attorney. However, after a brief colloquy with Judge Cowin, the petitioner said that he wanted to keep Mr. Greenup as his attorney. The Court fully advised him of his constitutional rights which he then waived and pleaded guilty. Sentencing was set for September 14, 1973.[4]

The transcript of the July 29, 1974 proceeding reflects that the petitioner sought to withdraw his guilty plea and that a hearing was held to consider whether any grounds existed for such withdrawal. At the hearing, the petitioner claimed that he was coerced into pleading guilty. However, after the Court read the transcript of the August 13th plea colloquy aloud to the petitioner, he changed the grounds for the application to "inadequate assistance of counsel." Judge Cowin took testimony from Mr. Bankhead and Mr. Greenup and denied the application. Judge Cowin then sentenced the petitioner to fifteen years.

After due consideration of the testimony of the witnesses in the hearing held before this Court and the exhibits submitted, the Court finds that the petitioner knowingly and voluntarily entered a plea of guilty to a consolidated indictment on August 13, 1973, and at no time thereafter did the State Court permit the petitioner to withdraw or "refuse to accept" his guilty plea as he alleges. We need not and should not comment extensively on the petitioner's testimony, except to state that we find it incredible. Suffice it to say that this Court fully credits the testimony of the respondent's witnesses and the exhibits offered in support thereof.[5]

4. The records of the September 14th and October 3d proceedings were apparently lost.

5. Several Second Circuit decisions have established moreover, that there is a presumption of regularity that attaches to the records of a State Court proceeding, *U. S. ex rel. Rambert v. The State of New York*, 358 F.2d 715 (2d Cir. 1966); *U. S. ex rel. Machado v. Wilkins*, 351 F.2d 892 (2d Cir. 1965), cert. denied, 383 U.S. 916, 86 S.Ct. 908, 15 L.Ed.2d 670 (1966), and that district courts should view with a jaun-

diced eye allegations similar to those made in this case that stenographic minutes are inaccurate. *U. S. v. DiCanio*, 245 F.2d 713 (2d Cir.), cert. denied, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957); *U. S. v. Smart*, 448 F.2d 931 (2d Cir. 1971), cert. denied, 405 U.S. 998, 92 S.Ct. 1269, 31 L.Ed.2d 467 (1972); *U. S. ex rel. Hunter v. Follette*, 420 F.2d 779 (2d Cir. 1969), cert. denied, 397 U.S. 1067, 90 S.Ct. 1506, 25 L.Ed.2d 689 (1970).

The foregoing represents the findings and opinion of the Court on the hearing mandated by the Court of Appeals for the Second Circuit and petitioner's application for a writ of *habeas corpus* is again denied. Parenthetically the Court observes that if there were a meaningful way of imposing costs and attorneys fees on the petitioner for frivolous applications and abuse of process, this Court would do so. The number of petitioner's lawsuits (25) in this Court alone goes a long way towards demonstrating the litigious nature of this petitioner and this hearing proved quite conclusively the lack of substance to his claim at least in this particular case.

SO ORDERED.